## DENNIS FINDEN, BY HIS FATHER AND NATURAL GUARDIAN, HAROLD E. FINDEN, AND ANOTHER v. RAYMOND A. KLAAS.

128 N. W. (2d) 748.

May 22, 1964—No. 39,132.

*D. D. Daly,* for appellant.
*LeVander, Gillen, Miller & Durenberger,* for respondents.

ROGOSHESKE, JUSTICE.

Defendant appeals from an order denying his motion to vacate a default judgment and for leave to answer plaintiffs' complaint in an action for damages arising out of a willful assault.

Plaintiffs commenced their joint action on February 20, 1962, by personal service upon defendant. The complaint alleged that on January 7, 1962, defendant willfully assaulted plaintiff Dennis Finden, the 19-year-old son of plaintiff Harold E. Finden, causing severe and permanent bodily injuries, and that by reason thereof, plaintiff Dennis Finden sustained damages of $30,000 and plaintiff Harold E. Finden sustained damages of $1,750 for past medical expenses and would incur further medical expense of $1,000.

The brief record before us reveals that before the time to answer expired defendant retained Ray Flader, an attorney, to represent him. The attorney assured defendant that he would answer the complaint and conduct the defense. He discussed the case with plaintiffs' counsel and, upon request, was furnished with information concerning the basis for the complaint. Plaintiffs' counsel was advised that an answer would be interposed as soon as defendant's attorney completed his investigation. Defendant relied upon his attorney's assurance that he was making progress with the investigation and that an answer had been filed. On March 23, 1962, Mr. Flader was served by mail with a note of issue placing the case on the calendar for trial at the spring term. Further telephone conferences and correspondence were had between counsel but no answer was interposed. Apparently, the action was not called for trial at the spring term. On June 30, 1962, plaintiffs' counsel wrote Mr. Flader advising that the action was being placed on the July special term calendar to be heard as a default. A copy of this letter was mailed to defendant. Subsequently, Oscar H. Ahlberg, an attorney whose office is near defendant's place of business and who was held out to plaintiffs' counsel by defendant as his attorney before he retained Mr. Flader, telephoned plaintiffs' counsel and was informed of the status of the matter. Receiving no further communication from defendant, his attorney, or Mr. Ahlberg, plaintiffs' counsel filed an affidavit of no answer. On July 19, 1962, following proof of

their claim and findings by the court, judgment was entered for $30,000 in favor of plaintiff Dennis Finden and $3,048.09 in favor of plaintiff Harold Finden.

After two attempts had been made to levy execution on August 23 and August 31, defendant, on September 17, 1962, served his motion to vacate the judgment and for leave to answer. The motion was submitted on the affidavit of defendant wherein he asserted that his first knowledge of the entry of the default judgment was when the sheriff made a levy on August 23. In accord with the answering affidavit of plaintiffs' counsel, the court found that on June 30 a letter was in fact mailed to defendant and his attorney informing them that the matter would be heard at the July special term as a default. The court further determined in denying defendant's motion that, under the Rules of Civil Procedure, defendant was in default for want of an appearance or answer and was not entitled to be relieved from his default upon his claim of mistake or excusable neglect.

Contrary to defendant's contention on this appeal, we are of the opinion that plaintiffs were fully justified in applying for and securing judgment by default.[1]

The important and decisive question is whether or not upon the facts before us defendant should have been granted relief from the judgment under Rule 60.02, Rules of Civil Procedure. Among other things this rule authorizes the court, "upon such terms as are just," to relieve a party from a judgment upon the ground of "excusable

---

[1]Under Rule 55.01(2), Rules of Civil Procedure, in a tort action a party who "has appeared in the action" is entitled to written notice of the application for judgment by default at least 3 days prior to the hearing on such application. Rule 5.01 provides: "* * * A party appears when he serves or files any paper in the proceeding." The court found that defendant had received informal notice of the application, but concluded that defendant had not appeared within the contemplation of the rules and thus formal notice was unnecessary. Since we are persuaded that the court erred in refusing to relieve defendant from the judgment, we deem it unnecessary to decide whether defendant herein was entitled to the formal notice contemplated by Rule 55.01(2).

neglect" or for "any other reason justifying relief from the operation of the judgment."

Defendant has made no attempt to explain his attorney's failure to answer the complaint, to respond to the note of issue, or to take any action following his receipt of the letter informing him of plaintiffs' intention to submit the matter as a default. Thus, the court had no choice but to conclude that such neglect was inexcusable.[2] Under basic principles of agency, such neglect was chargeable to defendant.[3]

However, it is a cardinal rule that, in keeping with the spirit of Rule 60.02, in furtherance of justice, and pursuant to a liberal policy conducive to the trial of causes on their merits, the court should relieve a defendant from the consequences of his attorney's neglect in those cases where defendant—

"* * * (a) is possessed of a reasonable defense on the merits, (b) has a reasonable excuse for his failure or neglect to answer, (c) has acted with due diligence after notice of the entry of judgment, and (d) [shows] that no substantial prejudice will result to the other party."[4]

It cannot be disputed that defendant, in his proposed answer, alleges that he acted in self-defense. Clearly, this is a complete defense to the merits if it is established. It also appears that defendant entrusted the matter entirely to his attorney and relied upon assurances that he was being protected in resisting plaintiffs' claims. We must, and do, accept the court's finding that defendant received a copy of the letter informing him of plaintiffs' intention to apply for a default judgment. But, since the contents of the letter are not a part of this record, we are unable to discern any basis for assuming that defendant was there-

[2]Cf. Slatoski v. Jendro, 134 Minn. 328, 159 N. W. 752.

[3]Merritt v. Putnam, 7 Minn. 399 (493). See, Rodgers v. United States and Dominion Life Ins. Co. 127 Minn. 435, 149 N. W. 671.

[4]Hinz v. Northland Milk & Ice Cream Co. 237 Minn. 28, 30, 53 N. W. (2d) 454, 456; Johnson v. Nelson, 265 Minn. 71, 73, 120 N. W. (2d) 333, 335.

by made aware of his attorney's neglect. Under these circumstances, it would be difficult indeed to charge defendant himself with such indifference to the proceedings as would amount to inexcusable neglect within the contemplation of the rule or Randall v. Randall, 133 Minn. 63, 157 N. W. 903, and Slatoski v. Jendro, 134 Minn. 328, 159 N. W. 752, relied upon by plaintiffs.

Conceding that prejudice is always inherent when the trial of a case is delayed, we are persuaded that plaintiffs would not have suffered substantial prejudice had the court vacated the judgment and permitted defendant to answer. In plaintiffs' opposing affidavit, no prejudice was claimed except delay and the added expense incurred by reason of the default proceedings. The prejudice now asserted by way of argument does not appear to be different except in degree, coupled with the inconvenience and distress understandably caused by an adversary who changes his position from an attitude of conciliation and negotiation to an attitude of resistance.

In our opinion, defendant acted with reasonable diligence in serving and presenting his motion after he became aware of the significance of the judgment. As authorized by the rule[5] and as suggested by plaintiffs in their opposing affidavit, the court could have alleviated the prejudice resulting from the delay and default proceedings by requiring as a condition to vacate the judgment that defendant pay costs and disbursements, including a reasonable attorney's fee. Inasmuch as it is now suggested that defendant has transferred title to some of his property in an effort to escape payment of the judgment, the court is empowered under the rule to impose further conditions requiring defendant either to deposit security for the payment of any judgment plaintiffs may obtain or to effect a restoration of his financial ability to respond in damages.[6]

We hold, therefore, that the court erred in denying defendant's motion and remand with directions to vacate the judgment and grant

---

[5]Rule 60.02, Rules of Civil Procedure.

[6]See, Roinestad v. McCarthy, 249 Minn. 396, 82 N. W. (2d) 697; Pasich v. Polga, 112 Minn. 510, 128 N. W. 669.

leave to answer upon such terms and conditions as the court, after hearing, deems just.

Reversed and remanded.