FIRST NATIONAL BANK OF HOPKINS, Minnesota, Respondent,

v.

Leo M. TRZECINSKI, et al., Appellants.

No. 47798.

Supreme Court of Minnesota.

March 31, 1978.

Thomson, Nordby & Peterson and Fred A. Reiter, Minneapolis, for appellants.

Dorsey, Windhorst, Hannaford, Whitney & Halladay and Edward J. Pluimer, Minneapolis, for respondent.

**412**

PER CURIAM.

Defendants Trzecinski appeal from an order of the district court denying their motion to vacate a default judgment entered in favor of plaintiff, First National Bank of Hopkins, on December 9, 1974. We affirm.

The default judgment was originally entered upon defendants' failure to interpose an answer to plaintiff's complaint to recover the amount of a loan agreement executed originally on February 1, 1972. The district court found that defendants had failed to establish compliance with the minimum standards for the reopening of a default judgment. This court set forth the four criteria to be employed by the trial court upon a motion to vacate a default judgment in *Hinz v. Northland Milk & Ice Cream Co.*, 237 Minn. 28, 53 N.W.2d 454 (1952). Our review of the record leads to the conclusion that the trial court properly analyzed these standards and was correct in its decision to deny the motion to vacate.

The record indicates that the loan was secured by defendants' pledge of 550 shares of common stock now in plaintiff's possession. In its execution of the judgment entered herein, it is assumed that plaintiff will first apply the proceeds from the sale of that stock to the judgment, prior to seeking the remainder of the judgment from defendants.

Affirmed.

TODD, J., took no part in the consideration or decision of this case.