Charles P. HOWARD, Respondent,

v.

Thomas FRONDELL and David Ekelund, Appellants.

No. C1-86-67.

Court of Appeals of Minnesota.

May 20, 1986.

Review Denied July 31, 1986.

Richard J. Harden, Lovett & Associates, Ltd., Minneapolis, for respondent.

Joel R. LaBissonniere, Starr and Foster, Minneapolis, for appellants.

Heard, considered, and decided by SEDG-WICK, P.J., and PARKER and FORS-BERG, JJ.

## OPINION

PARKER, Judge.

This appeal is from a default judgment entered against appellants Thomas Frondell and David Ekelund and from an order denying their motion to vacate that judgment. Appellants contend the judgment should be vacated because they demonstrated excusable neglect and because they did not receive notice of respondent's application for default judgment. We agree with the trial court that appellants' "delays in answering were not excusable" and affirm.

## FACTS

Respondent Charles Howard brought this action against the owners of Anderson & Associates, a partnership comprised of Alan J. Anderson, Thomas Frondell, and David Ekelund. The parties had entered into a purchase and sale agreement in which Howard agreed to sell to the partnership all of the stock of Ichabod's 528, Inc., a Minnesota corporation doing business as a bar and restaurant in downtown

Minneapolis. Anderson & Associates pledged the stock as security for their performance under their promissory note to Howard. Howard commenced this action, claiming the partnership breached some provisions of the agreement and defaulted on the promissory note.

Anderson and Frondell were served on August 28, 1985; Ekelund was served a few days later, on September 4. The partnership contacted its attorney, Fred Hollender, who agreed to interpose an answer. Appellants contend the partnership had several discussions with Hollender regarding their answer to the complaint.

At some point, Anderson informed Hollender that he intended to file a cross-claim against appellants and that he had retained separate counsel. Anderson's cross-claim created a conflict of interest for Hollender, who decided to withdraw as appellants' attorney. He informed appellants he would seek an extension of time to answer and would recommend a new attorney. Appellants state Hollender learned of Anderson's plan on September 19. Howard, however, states that Anderson's new attorney had contacted his attorney over a week earlier on September 11 and that Hollender himself had called his attorney on September 18.

Howard's attorney informed Hollender over the phone that appellants would have to answer by September 24, 1985. Hollender then sent a letter on September 19 explaining the situation and requesting an extension of time.[1] On September 23 Howard's attorney telephoned Hollender and again informed him that no extension would be granted beyond September 24.

After receiving no response from appellants, Howard filed a notice for application for default judgment on October 11, 1985. Anderson, who had interposed a timely answer, was served with notice of the default hearing. Appellants, however, did not receive notice of Howard's application for default judgment. After a hearing on Oc-

tober 17, the trial court issued findings of fact, conclusions of law and an order for judgment against appellants for approximately $475,000.

Appellants finally retained another attorney and met with him on October 30. When he contacted Howard's attorney on November 6, he was informed that a default judgment had been ordered. That judgment was entered on November 7. On November 25 appellants brought a motion to vacate the judgment. The trial court found that appellants' "delays in answering were not excusable" and denied the motion. Appeal was timely taken from both the judgment and the subsequent order refusing to vacate the judgment.

## ISSUE

Did the trial court abuse its discretion in denying appellants' motion to vacate the judgment based on excusable neglect?

## DISCUSSION

■ When a party fails to plead or otherwise defend within the time allowed by law, a default judgment may be entered against it. Minn.R.Civ.P. 55.01. A court may relieve the party from a default judgment for, among other reasons, "excusable neglect" or "any other reason justifying relief from the operation of the judgment." Minn.R.Civ.P. 60.02. In order to establish excusable neglect, the defaulting party must show (1) that it has a reasonable excuse for failing to answer; (2) that it acted with due diligence after notice of the judgment; (3) that it has a meritorious defense; and (4) that no substantial prejudice will result to the opponent. *Finden v. Klaas,* 268 Minn. 268, 271, 128 N.W.2d 748, 750 (1964).

■ The right to be relieved of a default judgment is not absolute. Whether the judgment should be reopened is a matter largely within the trial court's discretion and will not be reversed on appeal absent a

---

1. Howard claims that this letter was sent directly to his home and not to his attorney. Unfortu-   nately, the letter is not part of the record.

clear abuse of discretion. *Kosloski v. Jones,* 295 Minn. 177, 180, 203 N.W.2d 401, 403 (1973).

■ Appellants contend they have a reasonable excuse for failing to answer timely because they were unexpectedly deprived of counsel when Hollender decided to withdraw, because Hollender made a good-faith effort to secure an extension of time to answer so that appellants could secure another attorney, and because they were unable to retain another attorney prior to Howard's default judgment. However, there is a definite paucity of evidence supporting these contentions.

Appellants make no attempt to explain Hollender's failure either to answer the complaint himself or move the trial court for an extension, although he was informed twice by phone that appellants would have no extension of time beyond September 24 to answer. Appellants do not expressly allege neglect on Hollender's part, nor do they allege he failed to communicate to them Howard's refusal to extend the time to answer past September 24. The record does not include Hollender's September 19 letter requesting an extension of time from Howard or an affidavit from him explaining his failure to act. Appellants also fail to specify exactly what efforts they undertook to secure another attorney and do not explain why it took them until October 30 to do so.

It is for the trial court to determine whether the excuse offered by a defaulting party is reasonable. *Standard Oil Co. v. King,* 238 Minn. 81, 83, 55 N.W.2d 710, 712 (1952). Neglect of the party itself which leads to entry of a default judgment is inexcusable, and such neglect is a proper ground for refusing to reopen a judgment. *Thayer v. American Financial Advisers, Inc.,* 322 N.W.2d 599, 602 (Minn.1982) (citing *Whipple v. Mahler,* 215 Minn. 578, 10 N.W.2d 771 (1943)); *See also Coller v. Guardian Angels Roman Catholic Church,* 294 N.W.2d 712, 715 (Minn.1980).

Even when a defaulting party alleges attorney neglect, a trial court may still properly refuse to reopen the judgment if the defaulting party is personally guilty of inexcusable neglect. *See Kosloski,* 295 Minn. at 180, 203 N.W.2d at 403. The record in this case simply fails to reflect any sensible excuse for appellants' failure to answer. On the record before it, the trial court did not abuse its discretion in finding inexcusable neglect and in refusing to vacate the judgment.

■ Moreover, although appellants' proposed answer contains two affirmative defenses, neither appears to be meritorious. The first defense alleges that Howard's resumption of voting control over the stock constitutes an election of remedies barring this action for money damages. The remedies available to a secured party upon default, however, are cumulative and nonexclusive. *See* Minn.Stat. § 336.9–501 (1984).[2] Appellants' second defense, which alleges unjust enrichment, similarly fails. There can be no double recovery. Should appellants satisfy the debt, they will have a right to redeem the stock. Should Howard decide to sell the stock, any proceeds will be applied to the amount still owed. *See First National Bank of Hopkins v. Trzecinski,* 264 N.W.2d 411, 412 (Minn.1978).

■ Finally, appellants contend the judgment should be vacated because they did not receive notice of Howard's application for default and were not notified of the hearing. A party need only be served with written notice of the application for a default judgment if it has "appeared in the action." Appellants claim that Hollender's letter to Howard's attorney requesting an extension constitutes an appearance. Under the rules, however, a party is deemed to have made an appearance when it "serves or files any paper in the proceeding." Minn.R.Civ.P. 5.01. Because appellants had not filed or served any paper at the time of the application for default, they

**2.** While the parties have cast their arrangement in the terms of a pledge, this transaction is nonetheless governed by Article Nine of the Uniform Commercial Code. *See* Minn.Stat. § 336.9–102(1)(a) and (2) (1984).

were not entitled to notice. We conclude that the trial court did not abuse its discretion in refusing to vacate the default judgment.

## DECISION

The trial court properly denied a motion to vacate a default judgment because there was no excusable neglect for failing to answer.

Affirmed.