**Victor H. GUNDERSON, et al., Respondents,**

**v.**

**LAKE COUNTY BOARD OF HEALTH, Appellant.**

**No. C1–85–2312.**

Court of Appeals of Minnesota.

June 17, 1986.

Review Denied Aug. 20, 1986.

Gary J. Pagliaccetti, Cope & Peterson, P.A., Virginia, for respondents.

Robert G. Haugen, Johnson & Lindberg, P.A., Minneapolis, for appellant.

Heard, considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ.

## OPINION

POPOVICH, Chief Judge.

This appeal is from a trial court order granting respondent's motion to vacate judgment under Minn.R.Civ.P. 60.02. Appellant claims the trial court abused its discretion because respondent's failure to file an opposing affidavit was inexcusable neglect. We disagree and affirm.

### FACTS

Respondent Victor H. Gunderson and his wife Sharon purchased the Roaring Stony Resort in April 1983. The sellers warranted they had no notice of any violation of laws, ordinances or regulations regarding the property. In August 1983, appellant Lake County Board of Health inspected the resort, finding several health code violations. Respondent alleges the resort was last inspected in 1978, thereby breaching Lake County Ordinance number 7, section 7:

> At least once every 12 months the Health Officer shall inspect each licensed food-service establishment located in the Board of Health jurisdiction and shall make as many additional inspections and reinspections as are necessary for the enforcement of this regulation.

Respondent sued appellant seeking $30,000 in damages as the cost of correcting the health code violations.

Appellant moved for and was granted judgment on the pleadings on July 24, 1985. The trial court, citing *Cracraft v. City of St. Louis Park*, 279 N.W.2d 801 (Minn.1979) (municipal liability conditioned on owing a special duty), concluded respondent had failed to present a valid cause of action.

Subsequently respondent moved pursuant to Minn.R.Civ.P. 60.02 to vacate judgment and reopen the case. Accompanying the motion was respondent's affidavit alleging that prior to signing the purchase agreement he had contacted appellant three times, once in April 1982 and twice in May 1982. Appellant allegedly stated it "could not come out to the Roaring Stony Resort to make an inspection, however, [it] would get back to [respondent] if there was any problem." Respondent was not contacted by appellant prior to the resort pur-

chase. He asserts appellant's representation created a special duty that was subsequently breached. No similar assertion was made in respondent's complaint.

By order filed October 23, 1985, the trial court granted respondent's motion to vacate. The trial court stated respondent's affidavit stated enough facts to support a negligence cause of action. More specifically, the court stated a factual issue had been raised regarding reasonable reliance. This appeal followed.

## ISSUE

Did the trial court abuse its discretion in vacating judgment pursuant to Minn.R. Civ.P. 60.02?

## ANALYSIS

1. Appellant claims respondent's attorney, by failing to defend a motion for judgment on the pleadings in not offering his client's affidavit, committed inexcusable neglect. It argues therefore the affidavit filed with the motion to vacate was untimely and judgment was improperly vacated.

In reopening this matter, the trial court relied on *Conley v. Downing,* 321 N.W.2d 36 (Minn.1982), which established the standard regarding rule 60.02 motions to disturb summary judgment.

> [I]t is a cardinal rule that, in keeping with the spirit of Rule 60.02, in furtherance of justice, and pursuant to a liberal policy conducive to the trial of causes on their merits, the court should relieve a defendant from the consequences of his attorney's neglect in those cases where defendant—
>
> " * * * (a) is possessed of a reasonable defense on the merits, (b) has a reasonable excuse for his failure or neglect to answer, (c) has acted with due diligence after notice of the entry of judgment, and (d) [shows] that no substantial prejudice will result to the other party."

*Id.* at 40 (quoting *Finden v. Klaas,* 268 Minn. 268, 271, 128 N.W.2d 748, 750 (1964)). The standard applies to motions regarding judgment on the pleadings.

2. Appellant claims respondent's counsel violated (b) by not possessing a reasonable excuse for his neglect. It relies in great part on *Boulevard Del, Inc. v. Stillman,* 343 N.W.2d 50 (Minn.Ct.App.1984). There an order to vacate judgment was reversed. The *Boulevard Del* court did not rely exclusively, however, on inexcusable attorney neglect. While noting all four factors were violated, we relied on the fourth factor finding prejudice to the nonmoving party.

Appellant also relies on *State v. $14,000 Dollars in Various Denominations of United States Currency,* 345 N.W.2d 277 (Minn.Ct.App.1984). There, on cross motions for summary judgment, defendant's counsel submitted one nonsubstantive affidavit and another unexecuted, unsworn affidavit of defendant. This court affirmed denial of defendant's rule 60.02 motion, stating the attorney had more than six months to properly execute defendant's affidavit and noting no motion for continuance was made. In this matter, the trial court distinguished *$14,000 Dollars* and stated:

> The mistake made by the attorney here involves a failure to submit affidavits at all, not a failure to meet a time deadline. Further, and even more persuasive, the Minnesota Supreme Court [in *Conley*] found it to be an abuse of discretion to deny a motion to vacate, injuring the client where such injury was avoidable. In this case, action was taken promptly to correct the error made by the attorney and no prejudice to the opposing party will result upon re-opening the case.

Appellant argues it is prejudiced by additional attorney fees. That prejudice is minimal and may be rectified by an award of attorney fees by the trial court.

In response to appellant's claim respondent has failed to demonstrate reasonable neglect, respondent explained:

> This evidence was not before the Court because at the time of the original Motion, the Motion was based solely upon the pleadings and no discovery had been obtained at that time.

But counsel should have been aware of information relevant to pleading a proper cause of action through conversation with respondent. Filing respondent's affidavit in defense of appellant's motion would merely have converted the action to one for summary judgment. *See* 1 D. Herr & R. Haydock, *Minnesota Practice* § 12.11, at 274 (1985).

The trial court in granting the rule 60.02 motion stated:

> [I]t should be noted that it is only in the interest of avoiding harm to the client that this court grants such a motion. The plaintiffs' attorney in this case should have known to assert such facts as would support the special duty argument. If plaintiffs' attorney would have made the effort to follow the four-part test set forth in the *Cracraft* decision and applied the facts of his case to the test in the first place, the necessity of submitting these facts would have been clear.

Trial courts are given much discretion in deciding rule 60.02 motions. *See Kosloski v. Jones*, 295 Minn. 177, 180, 203 N.W.2d 401, 403 (1973). Here, the trial court stated respondent's counsel neglect. Under basic agency principles, such neglect would be chargeable to respondent. *See Finden v. Klaas*, 268 Minn. 268, 271, 128 N.W.2d 748, 750 (1964). But respondent "entrusted the matter entirely to his attorney" and as the trial court alludes, he should not be the victim of his attorney's carelessness. *See id.* at 271–72, 128 N.W.2d at 750–51. We agree respondent has a reasonable excuse for failure of proper pleadings and affirm the trial court's vacation of judgment.

### DECISION

The trial court did not abuse its discretion in vacating the judgment on the pleadings. We remand to the trial court for award of attorney fees to appellant for the minimal prejudice it may have occasioned as a result of the vacation and for trial on the merits.

Affirmed and remanded.