**Saul A. BERNICK, Respondent,**

v.

**CABOOSE ENTERPRISES, INC., Appellant,**

**Louis C. Pedro, Jr., Defendant.**

**No. C9–86–799.**

Court of Appeals of Minnesota.

Nov. 4, 1986.

Saul A. Bernick, Minneapolis, for respondent.

Gregory T. Spalj, Minneapolis, for appellant.

Heard, considered and decided by NIERENGARTEN, P.J., and WOZNIAK and SEDGWICK, JJ.

## OPINION

SEDGWICK, Judge.

Appellant Caboose Enterprises appeals from a default judgment entered after automatic imposition of a bankruptcy stay under 11 U.S.C. § 362. We reverse and remand.

## FACTS

Bernick brought an action to collect on a promissory note made by Caboose Enterprises, operator of the Caboozc Bar in Minneapolis, and personally guaranteed by Louis Pedro, Jr. as president of Caboose. The promissory note was consideration for a stock redemption agreement. An answer was served on behalf of Caboose and Pedro. The answer was later withdrawn by Pedro to permit a default judgment. Following respondent Bernick's complaint, a shareholder/creditor, Gary Schmalzbauer, and Leone Medin, a second creditor, filed suit against Bernick, trustee of appellant's stock, and Pedro, seeking a receiver for Caboose. The parties seeking a receiver did not file an answer in connection with Bernick's action on the promissory note.

Leone Medin was appointed as receiver on October 23. Bernick and Pedro agreed, with regard to the promissory note action, that Pedro would be dismissed from Bernick's complaint if Pedro, as Caboose's president, would allow a default judgment. Once the receiver was appointed, due to "gross mismanagement," Pedro in concert with other Caboose creditors filed a petition for a Chapter 11 involuntary bankruptcy (dismissed January 15, 1986).

Although respondent claims all necessary papers were filed for a default judgment prior to the automatic operation of the bankruptcy stay, and the trial court accepted respondent's argument that the clerk of court mishandled the papers, the actual file indicates the motion for default and the affidavit of non-answer were filed over two weeks after the stay's operation. We accept the court file as accurate. The trial court by order dated November 19, 1985 ordered judgment retrospectively as of October 22, 1985.

## ISSUE

Did the trial court err in ordering entry of a default judgment when the Chapter 11 bankruptcy petition instituted the automatic stay provision under 11 U.S.C. § 362?

## ANALYSIS

When a bankruptcy petition is filed, the code provides for the automatic stay of all proceedings against the debtor's property.

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title * * * operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of

process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C.A. § 362(a)(1) (West Supp.1986).

The importance and intended effect of the automatic stay is reflected in the legislative history to the bankruptcy code.

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

S.Rep. No. 989, 95th Cong., 2d Sess. 54–55, *reprinted in* 1978 U.S.Code Cong. & Ad. News 5787, 5840–41.

The automatic stay provides a focal point for all legal actions and claims against the debtor's property—the bankruptcy court. *In re Towner Petroleum Co.,* 48 B.R. 182, 185 (Bankr.W.D.Okla.1985). Since 11 U.S.C. § 362 is intended to stay all judicial proceedings unless leave of the bankruptcy court is obtained, the stay operated as of October 24, 1985.

Appellant believes the default judgment should be vacated on the grounds that the judgment is void. Minn.R.Civ.P. 60.02(4). Normally, however, the right to be relieved of default judgment is not absolute and is largely within trial court discretion. *Howard v. Frondell,* 387 N.W.2d 205, 207–08 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. July 31, 1986).

Here, the trial court lacked jurisdiction because of the automatic stay. *Kalb v. Feuerstein,* 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940). "A void judgment is one rendered in the absence of jurisdiction over the subject matter or the parties." *Matson v. Matson,* 310 N.W.2d 502, 506 (Minn.

1981). *See Borg-Warner Acceptance Corp. v. Hall,* 685 F.2d 1306, 1308 (11th Cir.1982) ("Actions taken in violation of the automatic stay are void and without effect."). When jurisdiction is lacking, the judgment is void. No element of discretion exists and the judgment must be set aside. *Hengel v. Hyatt,* 312 Minn. 317, 318, 252 N.W.2d 105, 106 (1977). As a final consideration,

> [i]t must be remembered that the goal of all litigation is to bring about judgments after trials on the merits and for this reason courts should be liberal in opening default judgments.

*Taylor v. Steinke,* 295 Minn. 244, 246, 203 N.W.2d 859, 860 (1973) (citation omitted).

### DECISION

After a bankruptcy petition is filed and the automatic stay is effective, all jurisdiction over the estate of the debtor rests with the bankruptcy court. Consequently, the state court lacked jurisdiction over appellant's property and the default judgment is void. The trial court's decision is reversed and the case remanded to vacate the default judgment.

Reversed and remanded.