**C & A ENTERPRISES, Appellant,**

v.

**CARLSON TRACTOR & EQUIPMENT CO., Respondent,**

**Farm Systems, Inc., Respondent.**

No. C0–87–68.

Court of Appeals of Minnesota.

July 21, 1987.

Robert M. Speeter, Speeter, Johnson, Hautman & Olson, Minneapolis, for C & A Enterprises.

David K. Wendel, Peahl and Day, Minneapolis, for Carlson Tractor & Equipment Co.

Sally J. Ferguson, Minnetonka, for Farm Systems, Inc.

Heard, considered and decided by FOLEY, P.J., and FORSBERG and STONE *, JJ.

## OPINION

FOLEY, Judge.

C & A Enterprises appeals from a judgment dismissing its action for breach of contract and warranties and denying its motion to vacate that dismissal. We reverse.

## FACTS

This action was commenced by service of the summons and complaint upon respondents Carlson Tractor & Equipment Co. and Farm Systems, Inc. on November 30, 1984. C & A sought damages for breach of contract and warranties arising from improper construction of a corn bin, which caused the loss or reduction in market value of 9,000 bushels of corn.

In February 1985, Farm Systems filed its answer with the Hennepin County District

* Acting as judge of the Court of Appeals by appointment pursuant to Minn.Const. art. 6, § 2.

Court. During the same month, C & A received a notice from the clerk of district court informing C & A that a file number had been assigned to the case.

C & A's suit was dismissed July 1, 1986, pursuant to the April 10, 1985 order issued by the chief judge of Hennepin County. That order provides that all cases filed before July 1, 1985, must be certified ready for trial or continued before July 1, 1986, or they would be dismissed. Order (April 10, 1985), Special Rules of Practice, Fourth Judicial District, *reprinted in Minnesota Rules of Court* 500 (1987). Farm Systems learned of the dismissal and informed C & A by letter in mid-October, 1986. After receiving this letter, C & A's attorney examined the records at the Hennepin County District Court. The court file did not include any order or notice of dismissal. C & A's attorney was advised by the clerk of court that the filing card indicated the case was dismissed.

C & A's attorney moved to vacate the dismissal on November 7, 1986. In his affidavit submitted with this motion, C & A's attorney stated that he "was not aware that the filing of an Answer by defendant * * * would trigger [the] one year" limit for filing a note of issue pursuant to the April 1985 order.

The district court denied C & A's motion to vacate and dismissed the action with prejudice. C & A appeals from the judgment.

## ISSUE

Did the trial court abuse its discretion by denying C & A's rule 60.02 motion to vacate the dismissal of the action?

## ANALYSIS

A court may relieve a party from a final judgment for "[m]istake, inadvertence, surprise or excusable neglect" or "any other reason justifying relief from the operation of the judgment." Minn.R.Civ.P. 60.02(1) and (6). A party seeking to vacate a judgment on these grounds must show (1) a reasonable claim on the merits, (2) a reasonable excuse for the neglect, (3) due diligence after notice of entry of judgment, and (4) that no substantial prejudice will result to the opponent. *Hinz v. Northland Milk & Ice Cream Co.*, 237 Minn. 28, 30, 53 N.W.2d 454, 456 (1952). Whether relief should be granted under rule 60.02 is within the trial court's discretion and will not be reversed absent a clear abuse of that discretion. *Kosloski v. Jones*, 295 Minn. 177, 180, 203 N.W.2d 401, 403 (1973).

*Reasonable Claim on the Merits*

■ C & A purchased a steel grain bin, 30 feet in diameter, from Carlson Tractor. The bin was purchased for the storage of dry grain and for semi-drying purposes. Cracks subsequently appeared in the cement floor of the bin, at which time the C & A converted the system to a full-drying system using services and materials supplied by Farm Systems. Following the completion of this conversion, serious air leakage appeared and all of the corn which was drying in the bin spoiled.

C & A contends that the damage to the bin and the spoilage of the corn was due to negligence and faulty workmanship on the part of either Carlson Tractor or Farm Systems or both. C & A claims damages in the amount of $33,000 for the loss of the corn and the subsequent repair of the bin. We conclude C & A has demonstrated a reasonable claim on the merits.

*Reasonable Excuse*

■ C & A's attorney states that he believed the requirement of filing a note of issue within a year of the filing of the case applied to only those cases in which the plaintiff filed the complaint and was not triggered by a defendant's filing of an answer. Although the attorney's failure to determine the scope of the rule may constitute neglect, we do not believe C & A should be penalized for its attorney's mistake. *See Finden v. Klaas*, 268 Minn. 268, 271–72, 128 N.W.2d 748, 750–51 (1964). The record does not show any neglect on the part of C & A, nor that C & A was involved in the procedural aspects of this

case. *Cf. Charson v. Temple Israel,* 405 N.W.2d 895 (Minn.Ct.App.1987), *pet. for rev. granted,* (Minn. July 15, 1987). C & A could justifiably rely on its attorney to properly monitor the case and comply with local procedural rules. *See Finden,* 268 Minn. at 271–72, 128 N.W.2d at 750–51 (party entitled to relief under rule 60.02 where defendant entrusted the matter entirely to attorney and record fails to show that party was aware of attorney's neglect).

### Due Diligence

■ C & A brought the motion to vacate dismissal within weeks of receiving Farm Systems' letter informing C & A the case was dismissed. We conclude C & A acted with due diligence after notice of the dismissal.

### Substantial Prejudice

■ Neither Carlson Tractor nor Farm Systems claims it will suffer prejudice if the case is reinstated. In fact, Farm Systems commenced a counterclaim against C & A seeking damages for goods sold and services rendered and has joined C & A's request for vacating the dismissal.

No substantial prejudice would have resulted to either Carlson Tractor or Farm Systems if the dismissal had been vacated. Neither Carlson Tractor nor Farm Systems had completed discovery at the time the case was dismissed. There is no indication that the delay caused by the dismissal impaired their ability to complete discovery. There is no indication that either Carlson Tractor or Farm Systems would have suffered substantial prejudice in any other way had the court vacated the dismissal.

C & A also argues that dismissal of this case, without notice and opportunity to be heard, is a violation of due process. We find it unnecessary to reach this issue, because we reverse based on our conclusion that the trial court abused its discretion in denying C & A's motion to vacate.

### DECISION

The district court abused its discretion in denying C & A's motion to vacate the judg-

ment of dismissal, where C & A satisfied the four-part test for relief from the judgment of dismissal.

Reversed, judgment of dismissal vacated and action reinstated.