**Dale SCHULZ, et al., Appellants,**

**v.**

**M.C. MILAM, individually, and M.C. Milam Oil Company and Gas Properties, Respondents.**

**and**

**L. John WESTERBERG, Appellant,**

**v.**

**M.C. MILAM, individually, and M.C. Milam Oil Company and Gas Properties, Respondents.**

**Nos. C3–87–372, C5–87–373.**

Court of Appeals of Minnesota.

July 28, 1987.

Roy A. Schwappach, Schermer, Schwappach, Borkon, Ramstead & Mariani, Ltd., Minneapolis, for appellants.

Samuel L. Hanson, Briggs and Morgan, Minneapolis, for respondents.

Considered and decided by POPOVICH, C.J., and PARKER, and FORSBERG, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

This appeal is from a judgment dismissing a claim for damages allegedly sustained by reason of the sale of unregistered securities. Appellants Schulz and Robinson's case was dismissed for lack of personal jurisdiction in 1981. Appellant Westerberg's case was dismissed in July of 1986 pursuant to an order of the Hennepin County District Court. Appellant Westerberg's motion to reinstate on the basis of excusable neglect was denied. Appellants Schulz and Robinson's identical motion was also denied. We affirm in part and reverse in part.

## FACTS

The events and circumstances giving rise to these actions date back to January of 1975 when respondent Milam was the principal of Milam Oil Company and Gas Properties. This company was involved primarily in the drilling and production of crude oil and gas. In January of 1975 it was involved in drilling operations under a lease in Louisiana.

In January of 1975, a geologist who was acquainted with appellant Westerberg, learned of the lease operated by Milam in Louisiana. He called Westerberg to advise him of the interest and Milam's willingness to sell a small share. Westerberg decided to purchase an interest in the project and telephoned Milam in Illinois to obtain an interest. Westerberg later called Milam again to obtain a further interest on behalf of appellant Schulz, his employee, and to mention that appellants' counsel, Roy Schwappach, was interested in purchasing an interest. On the basis of previous business dealings in Illinois, Milam also contacted appellant Robinson to offer an interest in the lease.

Milam made the following sales to the four Minnesota residents:

| Investor | Percent Interest | Dollar Amount | Date of Purchase |
|----------|------------------|---------------|------------------|
| Robert Robinson | 1% | $ 7,790.00 | January 31, 1975 |
| Dale Schulz | ½% | 3,895.00 | January 30, 1975 |
| L. John Westerberg | 1½% | 11,595.00 | January 30, 1975 |
| Jean Schwappach | 1% | 7,790.00 | January 30, 1975 |

Tests and drilling procedures conducted on the property failed to produce any substantial amounts of oil or gas.

In January of 1979, appellants' counsel commenced an action against Milam on behalf of Westerberg. The complaint alleged that respondents illegally solicited the sale of and sold unregistered securities in the nature of interests in oil and gas leases, in violation of Minnesota law. The complaint further alleged respondents refused Westerberg's attempt to rescind the sale, and reneged on their offer to accept retender of the securities. Respondents defended on the basis that the interests were exempt from registration that appellant knew they were unregistered and was estopped, and that the action was barred by the statute of limitation. Depositions were taken of both Milam (October of 1981) and Westerberg (January 1982). In November of 1981, Milam moved for summary judgment. Westerberg's counsel appeared and submitted an affidavit in opposition to that motion with the Hennepin County District Court. That motion was heard in Hennepin County in December of 1981 and was denied.

An identical action against respondents was commenced in October of 1981 on behalf of appellants Schulz and Robinson. Respondents' alternative motion to dismiss for lack of personal jurisdiction or for summary judgment in that action was also heard in December of 1981 before the Hennepin County District Court. The trial court granted respondents' motion and quashed the service of the summons, dismissing the action. Although appellants Schulz and Robinson claim to have made good service thereafter, no additional summons or proof of service was ever filed with the court.

No further discovery was conducted in either case after January of 1982, and no further motions were made after 1981. There were no further communications between the parties until April of 1986, when appellants wrote respondents seeking to accelerate the trial of this matter.

On April 10, 1985, Chief Judge Patrick Fitzgerald issued an order establishing the new Hennepin County District Court block system. The order, referenced in Special Rules of Practice, Fourth Judicial District Rule 4.03, provided in part:

> Cases filed with the Court prior to July 1, 1985 but not certified ready for trial, will be activated effective July 1, 1985, for the purposes of the initial filing date. All cases activated on this date will be dismissed on July 1, 1986, unless a note of Issue/Certificate of Readiness has been filed or the case has been continued prior to the expiration of 12 months, under Rule 41.02, Rules of Civil Procedure.

No pleadings were filed by appellants before July 1, 1986, and their cases were dismissed pursuant to the above order. Appellants became aware of the dismissal in November, 1986, and promptly moved to vacate, claiming there was excusable neglect as appellants' attorney was under the mistaken impression the actions were venued in Ramsey County. Appellants' motion to vacate the dismissal was denied, and they appealed. The cases were consolidated by order of this court.

## ISSUES

1. Did the trial court abuse its discretion in refusing to vacate the judgment of dismissal in appellants Schulz and Robinson's action?

2. Did the trial court abuse its discretion by denying appellant Westerberg's motion to vacate based on excusable neglect?

## ANALYSIS

■ 1. Appellants Schulz and Robinson join appellant Westerberg in arguing that the trial court abused its discretion in refusing to vacate the dismissals of their cases. The Schulz-Robinson case was dismissed by order of the court dated December 29, 1981, for lack of personal jurisdiction. Appellants Schulz and Robinson did not serve the summons and complaint again. Neither did appellants file a note of

issue or certificate of readiness within the time prescribed by the Hennepin County order. Therefore, we hold that the dismissal of the Schulz-Robinson action was not an abuse of discretion.

2. Appellant Westerberg argues that the trial court erred by neglecting to vacate the judgment of dismissal under Rule 60.-02(1). Appellant did not move the trial court to vacate under 60.02(1), but argued only that he was entitled to vacation of the dismissal on the ground of excusable neglect. The trial court relied exclusively on the unreasonableness of appellant's excuse in refusing to vacate the judgment.

 The Rules of Civil Procedure provide that a court may relieve a party from a final judgment for "[m]istake, inadvertence, surprise or excusable neglect" or "any other reason justifying relief from the operation of the judgment." Minn.R.Civ.P. 60.02(1), (6). A party seeking to vacate a judgment on grounds of excusable neglect must show (1) a reasonable claim on the merits, (2) a reasonable excuse for failure or neglect to act, (3) due diligence after notice of entry of judgment, and (4) that no substantial prejudice will result to the opponent. *Hinz v. Northland Milk & Ice Cream Co.*, 237 Minn. 28, 30, 53 N.W.2d 454, 456 (1952).

Rule 60.02 is often invoked to set aside a default judgment on grounds of excusable neglect. *E.g. Finden v. Klaas*, 268 Minn. 268, 128 N.W.2d 748 (1964). It has been held, however, that Rule 60.02 relief is not limited to default judgments and the same four-part test applies where a plaintiff seeks to vacate the dismissal of an action on grounds of excusable neglect. *Sand v. School Service Employees Union, Local 284*, 402 N.W.2d 183, 186 (Minn.Ct.App. 1987), *pet. for rev. denied* (Minn. Apr. 29, 1987) (Rule 60.02 relief applies to dismissals under Fourth Judicial District special rule of practice requiring dismissal of cases not continued or certified ready for trial by deadline). A trial court's decision whether or not to relieve a party from a judgment will be upheld absent a clear abuse of discretion. *Howard v. Frondell*, 387 N.W.2d 205, 207–08 (Minn.Ct.App.1986),

*pet. for rev. denied* (Minn. July 31, 1986). We believe in appellant Westerberg's case, the trial court abused its discretion in failing to vacate the judgment of dismissal.

*Reasonable Claim on the Merits*

While appellant fails to enumerate specific facts supporting his claim in his motion to vacate, the original complaint sets out in detail the basis for his action against respondents. This was enough to avoid a summary judgment motion brought by respondents in 1981. Therefore, we find this element satisfied.

*Reasonable Excuse for Neglect*

Appellant offered the following excuses for neglecting to act to avoid dismissal:

—through mistake, inadvertence and oversight in his office, he failed to file a Certificate of Readiness prior to July 1, 1986;

—he had not filed any pleadings with Hennepin County, was unaware that respondents had done so, and was under the mistaken information that the action was venued in Ramsey County;

—the action had been held in abeyance due to economic factors involved in the oil exploration and refining business;

—there had been ongoing settlement discussions between the parties.

The trial court accepted none of these as a reasonable excuse.

While we consider the proffered excuses weak, a weak excuse on one factor in the 60.02 analysis can be offset by a strong showing on the other factors. *Guillaume & Associates, Inc. v. Don-John Co.*, 371 N.W.2d 15, 19 (Minn.Ct.App.1985).

*Due Diligence*

Appellant's counsel became aware of the dismissal in early November, 1986, and moved to reinstate on November 17, 1986. The motion was heard and denied January 7, 1987. This element is satisfied.

*Substantial Prejudice*

Appellant asserts that failure to comply with Rule 4.03 was merely a technical oversight so that respondents will not be prejudiced by reinstatement. Respondents argue, however, that they will indeed be prej-

udiced, since the down turn of the oil industry over the eight years since this action was commenced has seriously damaged their financial ability to defend against the claims. Respondents' argument goes to prejudice incurred by delay. Delay by itself does not rise to the level of substantial prejudice. *See Finden,* 268 Minn. at 272, 128 N.W.2d at 751. Thus, appellant has satisfied this element.

Appellants argue that dismissal under Rule 4.03 is a denial of due process and is unconstitutional. However, appellants did not raise this issue in the trial court, and they cannot raise it for the first time on appeal. *See Matter of Welfare of C.L.L.,* 310 N.W.2d 555, 557 (Minn.1981).

Additionally, appellants argue that Rule 4.03 is in direct conflict with Minn.R.Civ.P. 41.02 and is therefore invalid. Because we hold that the denial of the motion to vacate was an abuse of discretion in this case, we need not address this issue. (*See* concurring opinion, Parker, J.).

### DECISION

The trial court correctly denied vacation of the judgment in appellants Schulz and Robinson's case, since they failed to reinstitute their action after it was dismissed in 1981. Having satisfied the test for relief from dismissal, appellant Westerberg is entitled to reinstatement of his case.

Affirmed in part and reversed in part.

PARKER, Judge (concurring specially).

I agree with the disposition of this case, but would have preferred to address directly the challenge made to the procedures established for dismissals *with prejudice* pursuant to the Fourth Judicial District's Chief Judge's order of April 10, 1985.

The order does not appear to have been adopted with the formality and consideration required for a special rule of that district and is inconsistent with Fourth Judicial District Special Rule 4.03, because that rule provides only for dismissals *without prejudice.* Dismissals with prejudice pursuant to the order have been made ministerially by the Clerk of Court, and Rule 4.03 similarly calls for automatic dismissal for failure to file a certificate of readiness or to secure a continuance.

Both the order and the rule are directed at timely prosecution of cases. Neither, however, requires the application of the court's *discretion,* as required by Minn.R. Civ.P. 41.02(1):

The court *may* * * * dismiss an action or claim for failure to prosecute * * *.

(Emphasis added). In analyzing the discretion mandated by Rule 41.02(1), case law has developed criteria for assessing the propriety of a dismissal for failure to prosecute. *See, e.g., Bonhiver v. Fugelso, Porter, Simich and Whiteman, Inc.,* 355 N.W.2d 138 (Minn.1984). These decisions require the application of human judgment to each specific case before ordering dismissal on the merits. By ordering dismissals with prejudice while avoiding the application of discretion in the individual case, the Fourth Judicial District order establishes a procedure contrary to Rule 41.02(1).

The argument is advanced that the order is consistent with the catch-all language of Rule 41.02, which provides for dismissal "for failure * * * to comply with these rules or any order of this court." The transparent sophistry of this argument is shown by reference in both the order and the rule to the failure timely to file the certificate of readiness (i.e., failure to prosecute) as the practice being remedied. To rely on general language when a specific applies unequivocally is contrary to the most elementary rules of construction.

It is not enough that the court will exercise discretion upon a motion to vacate the dismissal. At that point the burden of proof has shifted to show, after the fact, why the case should *not* have been dismissed. In view of the nature of the criteria to be applied (existence of prejudice, excuse for the neglect), allocation of the burden of proof is often determinative of the outcome.

Significant due process questions have also been raised as to the order. Because dismissals with prejudice, to be consistent with Minn.R.Civ.P. 41.02, must require the application of discretion, it is difficult justi-

fy *notice* that is not addressed to specific cases. It is painfully apparent that, had such notice been afforded, this court would not have seen the plethora of appeals based on excusable neglect for various law-office clerical errors. The failure to provide at least for some hearing, even if only by calendar-call, prior to wholesale dismissal of cases is difficult to equate with due process of law, especially in a state that has established a constitutional guarantee of a remedy for all injuries:

> Redress of injuries or wrongs. Every person is entitled to a certain remedy in the laws for all injuries or wrongs which he may receive to his person, property or character, and to obtain justice freely and without purchase, completely and without denial, promptly and without delay, conformable to the laws.

Minn. Const. Art. 1, § 8.

The trial courts, in striving to attain calendar control, must not short-circuit the right of litigants to a trial on the merits. The people's respect for the judicial process is not preserved by such mechanisms.