**Daxrell T. McKAY, Appellant,**

v.

**BOYER FORD TRUCKS, INC., Respondent.**

**No. C8–86–2219.**

Court of Appeals of Minnesota.

Sept. 1, 1987.

Barry G. Reed, Minneapolis, for appellant.

Thomas Tinkham, Carol A. Peterson, Minneapolis, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and FORBERG and LESLIE, JJ.

## OPINION

CRIPPEN, Judge.

This appeal questions the trial court's decision to dismiss appellant's suit with prejudice, pursuant to the April 1985 order of the chief judge of the Fourth Judicial District. We reverse and remand for further trial proceedings.

## FACTS

Appellant, Daxrell T. McKay, brought an action for breach of warranty against respondents, Boyer Ford Trucks, Inc., Ford Motor Company and Ford Motor Credit Company, relating to an allegedly defective truck. His attorney served the summons and complaint on November 15, 1983.

The case was dismissed pursuant to the April 10, 1985 order of the chief judge of the Fourth Judicial District because appellant failed to file a certificate of readiness and failed to request a continuance prior to July 1, 1986. *See* Order (April 10, 1985), Special Rules of Practice, Fourth Judicial District, *reprinted in Minnesota Rules of Court* 500 (1987). On July 17, 1986, appellant filed a motion to set aside the dismis-

sal. In his affidavit accompanying this motion, appellant's attorney stated he knew of the April 10, 1985 order and the amendment to the Fourth Judicial District's special rule 4.03, and he checked his files to identify the cases subject to the order and rule. However, "the office procedure for gleaning out files in this situation, simply missed this file."

The trial court denied appellant's motion to vacate the dismissal and entered judgment of dismissal. McKay appeals from the judgment.

## ISSUE

Did the trial court err in refusing to vacate dismissal and entering judgment of dismissal?

## ANALYSIS

Appeals from some orders denying a motion to vacate a dismissal pursuant to the April 1985 order have been analyzed by this court pursuant to Minn.R.Civ.P. 60.02. *See, e.g., Sand v. School Service Employees Union, Local 284*, 402 N.W.2d 183 (Minn.Ct.App.1987), *pet. for rev. denied*, (Minn. April 29, 1987). *Cf., e.g., Halter v. Board of Regents of the University of Minnesota*, 410 N.W.2d 50 (Minn.Ct.App. August 4, 1987) (applied Rule 41.02 analysis to case dismissed under the Hennepin County April 1985 order).

Under Rule 60.02, a court may relieve a party from a final judgment for "[m]istake, inadvertence, surprise or excusable neglect" or "any other reason justifying relief from the operation of the judgment." Minn.R.Civ.P. 60.02 (1) and (6). A party seeking to vacate a judgment on these grounds must show: (1) a reasonable claim on the merits; (2) a reasonable excuse for the neglect; (3) due diligence after notice of entry of judgment; and (4) that no substantial prejudice will result to the opponent. *Hinz v. Northland Milk & Ice Cream Co.*, 237 Minn. 28, 30, 53 N.W.2d 454, 456 (1952). The right to be relieved of a judgment is not absolute. *Howard v. Frondell*, 387 N.W.2d 205, 207 (Minn.Ct. App.1986), *pet. for rev. denied*, (Minn. July 31, 1986). Absent a clear abuse of discre-

tion, a trial court's decision will be upheld. *Id.* at 207–08.

Respondent claims only that appellant has failed to satisfy the second and fourth factors of the *Hinz* test. Appellant's attorney admits that he knew about the April 1985 order. The attorney failed to certify the case ready for trial or request a continuance because he inadvertently missed appellant's case when he searched his files to identify those cases subject to the order. Although McKay's attorney should have identified McKay's case and should have taken the appropriate steps to ensure the case was not dismissed, we do not believe McKay can be penalized for his attorney's mistakes. *See Kurak v. Control Data Corporation,* 410 N.W.2d 34 (Minn.Ct.App. August 4, 1987). The record does not show that McKay was personally involved in or otherwise aware of the procedural aspects of this case. McKay could justifiably rely on his attorney to properly monitor his case and to comply with local procedural rules. *See Finden v. Klaas,* 268 Minn. 268, 271–72, 128 N.W.2d 748, 750–51 (1964) (party entitled to relief under rule 60.02 where record fails to show that party was aware of attorney's neglect).

In response to appellant's motion to vacate, respondents claimed they would suffer substantial prejudice if this case was reopened; they would suffer the expense, time and administrative burden of defending a claim that they reasonably believed to have been dismissed with prejudice. On appeal, respondents allege the same prejudice. These claims alone do not constitute substantial prejudice that would justify denying a motion to vacate a dismissal. *See id.* at 272, 128 N.W.2d at 751.

Appellant satisfied the four factors of the *Hinz* test and, therefore, the trial court erred in denying appellant's motion to vacate the judgment.

Appellant also claims that the April 1985 order violates appellant's equal protection and due process rights, and that the district court lacked the authority to issue the order. We find it unnecessary to reach these issues because we reverse on other grounds.

**DECISION**

The trial court erred in denying appellant's motion to vacate the judgment of dismissal where appellant satisfied the four part test for relief from the judgment of dismissal.

Reversed and remanded.