*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A15-1705**

John Troupe, et al.,
Appellants,

vs.

Jeff Foster Construction, LLC, et al.,
Respondents.

**Filed January 9, 2017**
**Affirmed**
**Rodenberg, Judge**

Mower County District Court
File No. 50-CV-15-926

Peter C. Sandberg, Sandberg Law Firm, Rochester, Minnesota (for appellants)

Ken D. Schueler, Dunlap & Seeger, P.A., Rochester, Minnesota (for respondents)

Considered and decided by Rodenberg, Presiding Judge; Halbrooks, Judge; and Kirk, Judge.

## UNPUBLISHED OPINION

**RODENBERG**, Judge

Appellants John and Tammy Troupe argue that the district court erred in denying their motion for relief under Minn. R. Civ. P. 60.02 after their complaint was dismissed for having been untimely filed under Minn. R. Civ. P. 5.04. We affirm.

**FACTS**

Appellants hired an attorney to sue respondent construction company, claiming that respondent's negligence caused over $50,000 in damages to appellants' home in 2011, 2012, and 2013. The attorney arranged for service of a summons and complaint on respondents on May 9, 2013. A change to the Minnesota Rules of Civil Procedure went into effect in 2013 requiring that any action not "filed with the court within one year of commencement against any party is deemed dismissed with prejudice" absent a signed stipulation extending the filing period. *See* Minn. R. Civ. P. 5.04(a). The rule change required plaintiffs to file an action within one year of commencing an action, where there was previously no time requirement for filing after commencing an action. The Minnesota Supreme Court provided a grace period, where no action pending before the effective date would be involuntarily dismissed until July 1, 2014. Order Adopting Amendments to the Rules of Civil Procedure and General Rules of Practice Relating to the Civil Justice Reform Task Force, Nos. ADM10-8051, ADM09-8009, ADM04-8001 (Minn. Feb. 4, 2013). Appellants' attorney failed to file the summons and complaint until after the one-year grace period expired on July 1, 2014.

On July 18, 2014, appellants' attorney informed them that the time for filing their action had expired, and advised appellants to seek new counsel. Appellants waited almost nine months before filing their action against respondent on April 27, 2015. The district court dismissed appellants' claim with prejudice under Minn. R. Civ. P. 5.04. Appellants then moved to vacate the dismissal under Minn. R. Civ. P. 60.02. The district court denied appellants' motion, finding both that appellants did not act with due diligence after learning

their claim would be dismissed and that reopening the case would substantially prejudice respondents.

This appeal followed.

**D E C I S I O N**

Rule 60.02 permits district courts to "relieve a party . . . from a final judgment . . . [for] [m]istake, inadvertence, surprise, or excusable neglect . . . ." Minn. R. Civ. P. 60.02. The Minnesota Supreme Court recently held that relief under rule 60 is available on motion to the district court after a dismissal for failure to timely file an action under rule 5.04. *Gams v. Houghton*, 884 N.W.2d 611, 616-17 (Minn. 2016). In order to grant relief under rule 60.02(a), a district court must "consider, and expressly find that a party satisfied, all four of the *Finden* factors." *Id*. at 619 (quotation omitted). The four *Finden*[1] factors are:

> (1) a "debatably meritorious claim"; (2) a "reasonable excuse" for the movant's failure or neglect to act; (3) the movant "acted with due diligence" after learning of the error or omission; and (4) "no substantial prejudice will result to the other party."

*Id*. at 620 (quoting *Charson v. Temple Israel*, 419 N.W.2d 488, 491-92 (Minn.1988)).

The district court evaluated appellants' rule 60.02(a)[2] motion to vacate the dismissal by applying the four-factor *Finden* test. The district court found that appellants have a

---

[1] Minnesota courts have also referred to these factors as "*Hinz* factors" and "rule-60.02 factors."

[2] Appellants reference both rule 60.02(a) and rule 60.02(f) in their briefing, but their only argument on appeal is that relief should be granted because of their attorney's mistake or excusable neglect. Appellants make no argument concerning rule 60.02(f). We consider the conclusory reference to rule 60.02(f) as amounting to a waiver. *Melina v. Chaplin*, 327 N.W.2d 19, 20 (Minn. 1982) (noting issues not adequately briefed are deemed waived).

"debatably meritorious claim," and that they have a reasonable excuse for failing to timely file. But it also determined that appellants failed to satisfy the remaining two of the required factors and denied their motion. On appeal, appellants argue that they have satisfied all four *Finden* factors, challenging the district court's findings that they did not act with due diligence after learning of the error and that reopening the case would cause substantial prejudice to respondents. Respondent challenges the district court's finding that appellants had a "reasonable excuse" for their failure to timely file the action.

We review a district court's decision to grant or deny rule 60.02 relief for clear abuse of discretion. *Gams*, 884 N.W.2d at 620. A district court is "in the best position to evaluate the reasonableness of the excuse, the prejudice to the other party, and whether the party has a reasonable claim or defense." *Id*. (quotation omitted).

## I. The record supports the district court's finding that appellants failed to act with due diligence

The district court found that appellants did not act with due diligence after learning that their attorney failed to file their action within the time period allowed by rule 5.04. Appellants argue that they necessarily acted with due diligence because they filed their rule 60.02 motion within one year of the deemed dismissal of their action. *See* Minn. R. Civ. P. 60.02 (stating that a rule-60.02 motion "shall be made within a reasonable time, and for reasons (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken").

Nothing in rule 60.02 suggests that *all* motions for relief brought within one year satisfy the due-diligence factor. The one-year reference in Minn. R. Civ. P. 60.02

4

establishes a limit; it is not a safe-harbor provision. Due diligence "is assessed from the time that the movant learns of his or her error or omission." *Cole v. Wutzke*, 884 N.W.2d 634, 639 (Minn. 2016). A motion under rule 60.02 must be made "within a reasonable time, and for reasons (a), (b), and (c) *not more than* one year after the judgment, order, or proceeding was entered or taken." Minn. R. Civ. P. 60.02 (emphasis added). What constitutes a reasonable time varies from case to case depending on the facts, because "[t]he very nature of the exercise of discretionary power in cases of this kind is such as to prevent any absolute rule being laid down." *Pilney v. Funk*, 212 Minn. 398, 403, 3 N.W.2d 792, 795 (1942); *see also Hovelson v. U.S. Swim & Fitness, Inc.*, 450 N.W.2d 137, 142 (Minn. App. 1990) (finding that appellants did not act diligently, even though they responded to a complaint nine days after they received notice of default), *review denied* (Minn. Jan. 9, 1990). We reject as unsupported by the plain language of the rule appellants' argument that their having moved for rule 60.02 relief within one year after their action was deemed dismissed under rule 5.04 compels the conclusion that they acted with due diligence.

Concerning the real issue under rule 60.02, whether appellants acted within a reasonable time within learning of the error, we note that appellants waited nine months after they learned that their action had not been timely filed under rule 5.04 before they moved for rule 60.02 relief. Although the initial error was made by their attorney, who promptly and commendably acknowledged his error, the district court observed that appellants "provided no explanation why [they] waited" nine months after having learned of the problem before moving for relief.

5

Appellants argue on appeal that this delay was strategic, and that they were awaiting the supreme court's decisions in *Gams* and *Cole*. But appellants offer no reason why they did not move for relief even while those appeals pended. The rule requires that the time within which to seek relief must be "reasonable." And *Finden* requires acting with "due diligence" after discovery of the error. *Finden v. Klaas*, 268 Minn. 268, 271, 128 N.W.2d 748, 750 (1964) (quotation omitted). Giving appropriate deference to the district court in its rule 60.02 findings, *Gams*, 884 N.W.2d at 620, we are unable to conclude that the district court clearly erred in determining that appellants "failed to act with due diligence" after they learned of their attorney's error in failing to timely file their action.

II.     **The district court's analysis of substantial prejudice was erroneous**

Although appellants' failure to satisfy the due-diligence factor is a sufficient basis for the district court to have denied their motion for rule 60.02 relief, we consider the parties' remaining arguments on appeal in the interests of justice.

The district court found that reopening the judgment would substantially prejudice respondent because the delay that would result from vacating the dismissal gave appellants time to alter their property, making it more expensive and difficult for respondents to recreate evidence for trial. Appellants argue that there would be no substantial prejudice to respondents because there was no loss or decay of the evidence after the case was dismissed by operation of rule 5.04 on July 1, 2014.

In considering whether a dismissal should be vacated, courts measure substantial prejudice resulting from delay from the date of dismissal. *Lund v. Pan American Machs. Sales*, 405 N.W.2d 550, 554 (Minn. App. 1987) ("[D]elays prior to the date of dismissal

6

are irrelevant to this issue."). "In general, when the only prejudicial effect of vacating a judgment is additional expense and delay, substantial prejudice of the kind necessary to keep a judgment from being reopened does not exist." *Black v. Rimmer*, 700 N.W.2d 521, 528 (Minn. App. 2005) (quotation omitted), *review dismissed* (Minn. Sept. 28, 2005). Prejudice may exist when the delay causes memories of those involved in the incidents to fade, in addition to unnecessary expenses and delay. *Peterson v. Skutt Ceramic Prod., Inc.*, 417 N.W.2d 648, 651 (Minn. App. 1987), *review denied* (Minn. Mar. 18, 1988). As more time passes from the dismissal and before relief from it is sought, "the need to search for identifiable and concrete examples of prejudice diminishes." *Id.*

We agree with appellants that the district court should have limited its consideration of prejudice to the period after July 1, 2014—the date on which their claim was deemed dismissed by rule 5.04. In the memorandum accompanying its order, the district court found that appellants had finished repairs to their property in March 2013. The record indicates no other changes to the property since March 2013. Without any indication that the property changed after July 1, 2014, the record does not support the district court's finding that appellants' delay in seeking rule 60.02 relief prejudiced respondents due to changes in the property. The district court's erroneous analysis of this *Finden* factor precludes our affirming the district court on this basis.

## III.    Reasonable excuse for failure or neglect to act

The district court found that appellants established a reasonable excuse for failing to file their action before it was deemed dismissed by rule 5.04. "It is for the trial court to determine whether the excuse offered by a defaulting party is reasonable." *Howard v.*

7

*Frondell*, 387 N.W.2d 205, 208 (Minn. App. 1986), *review denied* (Minn. July 31, 1986).

If a party's default was the result of an attorney's neglect, and not the party's neglect, our case law "reflects a strong policy favoring the granting of relief. . . ." *Nguyen v. State Farm Mut. Auto. Ins. Co.*, 558 N.W.2d 487, 491 (Minn. 1997). We defer to the district court's determination on this factor, and see no error in its determination. From all that appears in the record, the failure to timely file the action was entirely the fault of their attorney, and not of appellants themselves.

## IV. Conclusion

Under *Gams*, a party seeking rule 60.02 relief must satisfy all four *Finden* factors. *Gams*, 884 N.W.2d at 620. The district court acted within its discretion in determining that appellants failed to show that they acted with due diligence after learning their case would be dismissed under rule 5.04. Because appellants failed to satisfy all four *Finden* factors, the district court did not err in denying their motion for relief under rule 60.02(a).

**Affirmed.**