**Raymond T. KURAK, Appellant,**

v.

**CONTROL DATA CORPORATION, Respondent.**

**No. C7–86–2079.**

Court of Appeals of Minnesota.

Aug. 4, 1987.

Barry G. Reed, Zimmerman & Reed, Minneapolis, for appellant.

J. Randall Benham, Oppenheimer, Wolf, Foster, Shepard & Donnelly, Barbara A. Leininger, Minneapolis, for respondent.

Heard, considered and decided by NIERENGARTEN, P.J., and FOLEY and RANDALL, JJ.

## OPINION

NIERENGARTEN, Judge.

This is an appeal from a judgment denying the appellant's motion to vacate an order which dismissed his action under Minn.R.Civ.P. 41.02 and Rule 4.03 of the Rules of the Fourth Judicial District. We reverse.

## FACTS

Appellant Raymond Kurak initiated an age and reverse race discrimination suit against his former employer, respondent Control Data Corporation. Kurak served his summons and complaint but did not file the documents with the district court. When Control Data filed its answers with the Hennepin County District Court on April 8, 1981, a court file number was assigned to Kurak's case. Other than a deposition in February 1984, there was little activity in this case after the parties' initial discovery efforts. Various discovery documents referred to the district court file number, including documents originating from Kurak's attorney's office.

Effective July 1, 1985, Hennepin County District Court adopted a block assignment system for civil cases. To help implement the new system, the chief judge of the district court issued an order dated April 10, 1985, which provided in part:

> Cases filed with the Court prior to July 1, 1985, but not certified ready for trial, will be activated effective July 1, 1985, for the purposes of the initial filing date. All cases activated on this date will be dismissed on July 1, 1986, unless a Note of Issue/Certificate of Readiness has been filed or the case has been continued

prior to the expiration of 12 months, under Rule 41.02, Rules of Civil Procedure.

Amended Rule 4.03 of the Rules of the Fourth Judicial District states that all cases will be dismissed under Rule 41.02 "without prejudice" after twelve months from the initial filing unless certified ready for trial or continued. However, the district court's April 1985 order provided that all civil cases filed prior to July 1, 1985, and which were activated by the court's own motion would be dismissed "with prejudice" on July 1, 1986, unless the cases were certified ready for trial or continued. Since Kurak's case was filed and pending before July 1, 1985, but was neither certified ready for trial nor continued before July 1, 1986, his case was dismissed with prejudice on July 2, 1986.

Kurak subsequently moved the district court for an order vacating the dismissal. Kurak's attorney asserted that he had not certified Kurak's case ready for trial because he was awaiting a pending United States Supreme Court decision on reverse discrimination. The attorney stated that he had not received any notice that Kurak's case was subject to dismissal and that his office had a "procedure for gleaning out files in this situation, [but] simply missed this case."

On August 4, 1986, the district court denied Kurak's motion because it concluded Kurak should have filed a motion for a continuance while waiting for the Supreme Court decision. The court also concluded Kurak should have been aware of the rule and the possibility of dismissals because the court's April 1985 order was widely publicized. Kurak appeals from the September 12, 1986, judgment dismissing his case.

## ISSUE

Did the district court abuse its discretion by denying the appellant's motion for an order vacating the dismissal?

## ANALYSIS

*Denial of Motion to Vacate Dismissal*

Although Kurak did not expressly argue Minn.R.Civ.P. 60.02 before the district

court, his motion before the district court and his argument before this court are in the nature of a Rule 60.02 motion. Whether a judgment should be opened "is a matter largely within the discretion of the trial court." *Kosloski v. Jones*, 295 Minn. 177, 180, 203 N.W.2d 401, 403 (1973). The district court's decision will not be reversed unless the court abused its discretion. *Id.*

A party may be relieved of a final judgment because of "[m]istake, inadvertence, surprise or excusable neglect." Minn.R. Civ.P. 60.02(1). Although Rule 60.02 usually applies to default judgments, the rule also applies to dismissals. *See Sand v. School Service Employees Union*, 402 N.W.2d 183, 186 (Minn.Ct.App.1987), *pet. for rev. denied*, (Minn. Apr. 29, 1987). Kurak argues that he should be relieved of the judgment dismissing his case because of "excusable neglect."

■ A party may be relieved of an attorney's neglect when the party (1) has a reasonable defense on the merits, (2) has a reasonable excuse for the failure or neglect to answer, (3) has acted with due diligence after learning of the judgment, and (4) shows that no substantial prejudice will result to the other party. *Kosloski*, 295 Minn. at 179–80, 203 N.W.2d at 403. The furtherance of justice and the policies underlying Rule 60.02 favor the trial of cases on their merits. *Id.* at 179, 203 N.W.2d at 403.

Although Kurak's attorney submitted an affidavit to the district court in support of the motion to vacate the dismissal, the affidavit does not state the factual bases for Kurak's claims. However, from our review of the record we conclude Kurak has a reasonable basis for asserting his discrimination claims against Control Data.

■ Kurak's attorney asserts that his office instituted a procedure for identifying cases affected by the district court's April 1985 order, but "simply missed this case." While Kurak's attorney should have identified Kurak's case and should have taken the appropriate steps to insure the case was not dismissed, we do not believe Kurak should be penalized for his attorney's mistakes.

A litigant is not to be penalized for the neglect or mistakes of his lawyer. Courts will relieve parties from the consequences of the neglect or mistakes of their attorney, when it can be done without substantial prejudice to their adversaries.

*Duenow v. Lindeman*, 223 Minn. 505, 518, 27 N.W.2d 421, 429 (1947). The record does not show that Kurak was involved in the procedural aspects of this case. *Cf. Charson v. Temple Israel*, 405 N.W.2d 895 (Minn.Ct.App.1987), *pet. for rev. granted*, (Minn. July 15, 1987) (the appellant failed to present even a colorable claim of merit and there was evidence that the appellant was personally involved during certain stages of the litigation). We believe Kurak could justifiably rely on his attorney to properly monitor his case and comply with local procedural rules affecting his case. *See Gunderson v. Lake County Board of Health*, 389 N.W.2d 241, 244 (Minn.Ct.App. 1986), *pet. for rev. denied*, (Minn. Aug. 20, 1986) (the district court did not abuse its discretion by granting a Rule 60.02 motion when the respondent was the "victim of his attorney's carelessness"). Under the circumstances, we believe Kurak has presented a reasonable excuse for his failure to comply with the district court's April 1985 order.

Kurak acted with reasonable diligence after learning of the dismissal. His case was dismissed on July 2, 1986; his motion to set aside the dismissal was dated July 16, 1986.

Control Data argues that it has been prejudiced by the general delay already evident in this case and that it may be difficult to locate potential witnesses who no longer work for Control Data. We will not presume prejudice "from the mere fact of delay." *Copeland v. Bragge*, 378 N.W.2d 35, 38 (Minn.Ct.App.1985). We also note two considerations. First, the general delay evident in this case is distinguishable from the specific delay caused by the dismissal under local Rule 4.03 and the subsequent appeal of the dismissal. The delay incident to Kurak's efforts to reinstate his case is minimal. Second, the

record does not indicate that Control Data previously objected to the protracted nature of this litigation or otherwise suggested "substantial prejudice" because of delay or possible witness unavailability. Under the circumstances, we cannot conclude that Control Data will be substantially prejudiced if the dismissal of Kurak's case is vacated.

### Other Claims

Since we conclude the district court should have vacated the dismissal of Kurak's case because he has stated sufficient grounds for vacation under Rule 60.02, we need not address his other claims.

### DECISION

The district court abused its discretion by denying the appellant's motion to set aside its order dismissing his case because the appellant has a reasonable claim on the merits, his neglect was not inexcusable, he acted with due diligence, and vacation of the dismissal will not substantially prejudice the respondent.

Reversed.