**Sharon THOMAS, et al., Appellants,**

v.

**Fred ROSS, individually and d/b/a Ross TV & Appliance Rental Co., Larry Stanley, individually and as agent to Fred Ross, Respondent.**

No. CX–87–515.

Court of Appeals of Minnesota.

Sept. 22, 1987.

Carole M. Megarry, Lange & Megarry, P.A., Bloomington, for appellants.

Christopher S. MacLennan, Bloomington, for Fred Ross.

Larry Stanley, pro se.

Heard, considered and decided by POPOVICH, C.J., and FOLEY and HUSPENI, JJ.

## OPINION

FOLEY, Judge.

This is an appeal from a judgment of dismissal pursuant to the April 10, 1985 order by the chief judge of the Fourth Judicial District and from an order denying motion to vacate that dismissal. We reverse and vacate the judgment of dismissal.

## FACTS

Appellants Sharon Thomas and Larry Riley were tenants in an apartment building when Riley entered into a written agree-

ment with respondent Ross TV & Appliance Rental Company for a stereo system rental. The agreement provided that the rental term would commence in December 1983 and that Riley would make monthly payments of $33. Riley made the monthly payments until August 1984 when he allegedly informed Ross that he was having financial difficulties and would require additional time to make the required payments. According to the complaint, Ross indicated that he would wait for further payments.

Contact between the parties ceased until September 25, 1984, when respondent Larry Stanley confronted Thomas at the apartment and demanded to speak to Riley concerning the stereo. According to Thomas, when she told Stanley that Riley was not at home, he threatened to break down the door and take the stereo system. Thomas allegedly told Stanley to leave, which he did, saying he would return with the police.

On September 27, 1984, Thomas returned to the apartment and discovered that the door had been pried open. After noting that only the stereo equipment had been removed, she called the Brooklyn Center police. The complaint alleges that police investigated the case and determined that Stanley had recovered the equipment as Fred Ross' agent.

Thomas and Riley commenced their action for recovery of damages resulting from trespass and conversion on February 25, 1985. According to an affidavit by their attorney, a total file review was conducted by attorneys in her office in June 1986 for the express purpose of avoiding dismissal of cases for failure to comply with the April 10, 1985 order. The affidavit alleged that the file in this case was overlooked because it was in the possession of the attorney's assistant, who was arranging for depositions to be taken in July 1986. Additionally, Thomas and Riley's attorney noted that the case was pro bono and asserted that the interests of justice would not be served by dismissal of a meritous complaint for "technical" reasons.

Ross' deposition was taken July 25, 1986 without objection on grounds of timeliness.

A certificate of readiness was filed by Thomas and Riley on October 16, 1986. The certificate was returned by letter on October 21, 1986, noting that the case had been dismissed.

A week later, Ross filed a certificate of non-readiness for trial. On November 25, 1986, Thomas and Riley moved to vacate the dismissal. The trial court denied the motion, stating:

> Plaintiff filed the complaint in this action on February 25, 1985. Plaintiff's counsel argues the dismissal should be vacated because she inadvertently overlooked this file when conducting a file review to avoid dismissals pursuant to the April 10, 1985 order.

> This Court finds that Plaintiff should have been aware that this case was subject to dismissal on July 1, 1986, since Plaintiff filed the complaint in February, 1985.

## ISSUE

Did the trial court abuse its discretion in denying Thomas and Riley's motion to vacate dismissal of their action?

## ANALYSIS

■ Minn.R.Civ.P. 60.02(1) grants relief from a final judgment for "mistakes, inadvertence, surprise or excusable neglect" or any other reason justifying relief from operation of the judgment. However, a party seeking to vacate a judgment under rule 60.02 must demonstrate: (1) a reasonable claim on the merits; (2) a reasonable excuse for the neglect; (3) due diligence after notice of entry of judgment; and (4) no substantial prejudice will result to the opposing party. *Hinz v. Northland Milk & Ice Cream Co.,* 237 Minn. 28, 30, 53 N.W.2d 454, 456 (1952). We have firmly established that a rule 60.02 analysis is applicable to cases of this nature. *See Sand v. School Service Employees Union, Local 284,* 402 N.W.2d 183, 186 (Minn.Ct. App.1987), *pet. for rev. denied* (Minn. April 29, 1987).

### Reasonable Claim on the Merits

Based on the record, we conclude that Thomas and Riley have a reasonable claim on the merits for damages resulting from trespass and conversion. It is undisputed that the stereo system was recovered by forcible entry without Thomas and Riley's knowledge. Further it appears that Ross was informed of Riley's financial difficulties and agreed to late payments.

The only basis for a contrary finding is Ross' contention that Stanley was an independent contractor, not his agent and, therefore, he is not responsible for Stanley's actions. Apparently, this claim was asserted in Ross' deposition, conspicuously absent from the record on appeal. Clearly, we cannot review what we cannot see.

### Reasonable Excuse

Thomas and Riley argue that they entrusted the procedural matters in the case to their attorney. This assertion is supported by their attorney's affidavit. The present case is thus distinguishable from *Howard v. Frondell*, 387 N.W.2d 205 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. July 31, 1986), where the supreme court, in affirming the denial of a motion to vacate a default judgment, stated:

> Neglect of the party itself which leads to entry of a default judgment is inexcusable, and such neglect is a proper ground for refusing to reopen a judgment. Even when a defaulting party alleges attorney neglect, a trial court may still properly refuse to reopen the judgment if the defaulting party is *personally* guilty of inexcusable neglect.

*Id.* at 208 (emphasis in original) (citations omitted).

Here, the affidavit of Thomas and Riley's attorney asserts that the file in this case was overlooked because it was in the possession of her assistant. Absent any contrary evidence, this statement will be accepted as true. *See Rose v. Neubauer*, 407 N.W.2d 727, 728 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. Aug. 19, 1987) (an attorney is "an officer of the court and, absent contrary evidence, we accept his statement that he was unaware of the filing.")

### Due Diligence

Thomas and Riley's counsel was informed that the case had been dismissed pursuant to the April 10, 1985 order by a letter dated October 21, 1986. She moved to vacate the dismissal on November 25, 1986. We find counsel acted diligently upon discovery of the dismissal. *See Lund v. Pan American Machines Sales*, 405 N.W.2d 550, 554 (Minn.Ct.App.1987). Ross' argument that the date of automatic dismissal controls must, therefore, be rejected.

### Prejudice

Ross claims he will be substantially prejudiced by reopening of the judgment because Stanley no longer resides in Minnesota, but in Florida, and his address is unknown. This claim is without merit. Ross filed a certificate of non-readiness for trial in October 1986. Certainly, if he was not ready to proceed to trial three months *after* the automatic dismissal date of July 1, 1986, he could not have been ready to proceed by that date.

### DECISION

Reversed, judgment of dismissal vacated and action reinstated.