Carol COLLINS, Appellant,

v.

COCHRANE AND BRESNAHAN, P.A.,
et al., Respondents.

No. C6–87–1287.

Court of Appeals of Minnesota.

Nov. 24, 1987.

Daniel L. Dobson, Daniel L. Dobson & Associates, Minneapolis, for appellant.

David L. Hashmall, Russell S. Ponessa, Popham, Haik, Schnobrich, Kaufman & Doty, Ltd., Minneapolis, for respondents.

Considered and decided by HUSPENI, P.J., and SEDGWICK and LOMMEN *, JJ., with oral argument waived.

## OPINION

A. PAUL LOMMEN, Judge.

Appeal arises from a dismissal pursuant to Fourth Judicial District Rule 4.03 of appellant's attorney malpractice action.

## FACTS

On February 14, 1977, appellant Carol Collins underwent elective cosmetic surgery. Dr. Harry Johnson, Jr., M.D. performed an abdominal panniculectomy ("tummy tuck") at Abbott–Northwestern Hospital.

On June 6, 1978, appellant consulted respondent James R. Bresnahan of Cochrane and Bresnahan, P.A. about bringing a medical malpractice action against Dr. Johnson. Mr. Bresnahan turned the investigation of appellant's claim over to his law clerk, Patrick W. Parmater. Appellant was asked to supply 35mm photographs, medical records were obtained from Abbott–Northwestern and a report from Dr. David W. Nelson was received during the course of the investigation.

Dr. Nelson informed respondents by letter, after examining appellant, he did not believe appellant's "tummy tuck" was im-

properly performed. Appellant complained of altered sensation to abdominal skin. Dr. Nelson explained this sensation usually passed with time.

On June 23, 1978, Mr. Parmater notified appellant of Dr. Nelson's report and reminded her to submit the requested photos. On November 8, 1978, Mr. Parmater again requested the photos. At that time, Mr. Parmater explained the urgency of receiving photos to help determine whether appellant had a case against Dr. Johnson because of the two-year statute of limitations for appellant's medical malpractice action.

On November 14, 1978, respondents received the photographs from appellant. The photos were sent to Dr. Frank T. Pilney, a plastic surgeon. On January 10, 1979, an appointment was arranged for Dr. Pilney to examine appellant. Respondents were immediately notified of Dr. Pilney's opinion that Dr. Johnson had properly performed appellant's surgery. Dr. Pilney's medical findings were confirmed in a letter received by respondents on January 24, 1979.

After reviewing the results of the investigation, respondents concluded they could not in good faith bring a medical malpractice action on appellant's behalf. Mr. Parmater phoned appellant notifying her of respondents' decision. A letter was sent confirming the phone conversation. The letter specifically addresses the statute of limitations problem, noting the time bar of February 14, 1979.

On June 4, 1979, appellant, through her attorney Thomas W. Wexler, initiated a medical malpractice action against Dr. Harry A. Johnson, Jr. *See Collins v. Johnson*, 374 N.W.2d 536 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Nov. 26, 1985). This court affirmed the trial court's grant of Dr. Johnson's motion to dismiss.

On January 7, 1981, appellant, by her attorney, Mr. Wexler, filed an attorney malpractice suit against respondents. Respondents explained to Mr. Wexler the circumstances of the letter declining appel-

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

lant's case against Dr. Johnson. Mr. Wexler stipulated to a dismissal of appellant's action against respondents.

On January 24, 1985, appellant, acting pro se, served a summons and complaint on respondents. On October 16, 1985, respondents filed an answer with Hennepin County District Court.

On November 18, 1985, a notice of judge assignment was sent by the Hennepin County District Court Administrator to appellant (acting pro se) and respondents' counsel. The notice states the case was filed October 16, 1985 and pursuant to Fourth Judicial District Rule 4.03, the case would be automatically dismissed 12 months from that date unless a note of issue/certificate of readiness had been filed or a continuance granted.

Appellant retained Daniel L. Dobson, her present counsel, to pursue her suit against respondents. Due to appellant's failure to comply with the procedural requirements of Rule 4.03, her action was dismissed without prejudice by the Hennepin County District Court. The order was filed October 28, 1986 and a notice of filing order was served on appellant's counsel October 31, 1986.

On November 3, 1986, appellant filed and served a third and identical action against respondents. The action was dismissed with prejudice because it failed to comply with the statute of limitations.

On December 31, 1986, appellant brought a motion to vacate under Rule 60.02 of the Minnesota Rules of Civil Procedure. On January 8, 1987, appellant's motion for relief under Rule 60.02 was heard. An order denying appellant's motion was entered. The trial court concluded appellant failed to establish the necessary requirements for vacating the dismissal.

## ISSUES

1. Did the trial court abuse its discretion in dismissing appellant's case pursuant to Rule 41.02 and Fourth Judicial District Rule 4.03?

2. Does Fourth Judicial District Rule 4.03 deny appellant due process and equal protection guarantees provided by the constitution?

3. Does Fourth Judicial District Rule 4.03 violate the separation of powers doctrine?

## ANALYSIS

■ 1. Fourth Judicial District Rule 4.03 was amended in 1985 to implement a block assignment system in Hennepin County District Court. The April 10 order provided in part:

Cases filed with the Court prior to July 1, 1985, but not certified ready for trial, will be activated effective July 1, 1985, for the purposes of the initial filing date. All cases activated on this date will be dismissed on July 1, 1986, unless a note of issue/certificate of readiness has been filed or the case has been continued prior to the expiration of 12 months, under Rule 41.02, Rules of Civil Procedure.

*See* Minn. Rules of Court at 500 (West 1987).

(1) The court may on its own motion, or upon motion of a party, and upon such notice as it may prescribe, dismiss an action or claim for failure to prosecute or to comply with these rules or any order of the court.

\* \* \* \* \* \*

(3) Unless the court in its order for dismissal otherwise specifies, a dismissal under this rule and any dismissal not provided for in this rule or in Rule 41.01, \* \* \* operates as an adjudication upon the merits.

Minn.R.Civ.P. 41.02; *see also Berks v. Fine,* 409 N.W.2d 76, 77–78 (Minn.Ct.App. 1987) (discussing Rule 4.03 and Minn.R.Civ. P. 41.02).

This court applies Rule 60.02 analysis to Rule 4.03 dismissals:

A party seeking to set aside a judgment must show a *reasonable defense on the merits, a reasonable excuse* for its failure or neglect to act, that it has acted with *due diligence* after notice of entry of judgment, and that *no substantial* prejudice will result to the opponent.

*Sand v. School Service Employees Union,* 402 N.W.2d 183, 186 (Minn.Ct.App.1987) (emphasis added), *pet. for rev. denied* (Minn. April 29, 1987) (citing *Hinz v. Northland Milk & Ice Cream Co.,* 237 Minn. 28, 30, 53 N.W.2d 454, 455–56 (1952)).

The trial court's memorandum addresses the four-prongs of a Rule 60.02 analysis:

a. *A reasonable defense on the merits.*

Appellant had an opportunity to seek alternative counsel and litigate the medical malpractice without it being time barred, had she acted diligently. Under these facts, appellant has not made the required showing on the merits to satisfy the rule 60 criterion.

b. *Reasonable excuse.*

Appellant's attorney failed to timely file a notice of issue/certificate of readiness pursuant to Fourth Judicial District Rule 4.03. Appellant's counsel mistook the one year date from the date of court notice, November 18, 1985 and not the filing date of October 16, 1985. Appellant's attorney was in the process of preparing the note of issue/certificate of readiness when the case was dismissed. A motion for relief under Rule 60.02 asking the order of dismissal be stricken and the matter placed back on the active trial calendar was denied.

The Minnesota Supreme Court has expressed its concern for fair and efficient administration of justice:

> In addition to the prejudicial effect of a dismissal upon the parties, the factors of the amount of delay and the reasons therefor must be considered. In these times of overcrowded court calendars, excessive and inexcusable delays in the disposition of a case seriously affect the disposition of other cases ready for trial and, in many other ways, disrupt the fair administration of justice. *Thus a broad measure of discretion must be left to trial judges to enforce calendar rules, to prevent unnecessary and inexcusable delays, and to promote the public interest in keeping court dockets free of stale claims.* Despite our firm intention to encourage and uphold dismissals in furtherance of this policy, we must be mindful that the policy which seeks to dispose of litigation on the merits rather than procedural grounds is, except in extraordinary circumstances, of overriding importance.

*Firoved v. General Motors Corp.,* 277 Minn. 278, 284, 152 N.W.2d 364, 369 (1967) (emphasis added).

The trial court found appellant's mistake inexcusable in light of considerable delays and lapses reflecting lack of due diligence from the outset.

(c) *Due diligence.*

The trial court addressed the lack of appellant's diligence in litigating a medical malpractice action because she did not act immediately to find alternative counsel once respondent refused the case.

(d) *Substantial prejudice will result to opponent.*

The medical malpractice action upon which the present action is based arose over 10 years ago. Other than the passage of time, respondents do not assert specific prejudice to them. Nevertheless, this court has said, "[a]fter so many years of unnecessary delay, the need to search for identifiable and concrete examples of prejudice diminishes." *Belton v. City of Minneapolis,* 393 N.W.2d 244, 246 (Minn.Ct.App. 1986), *pet. for rev. denied* (Minn. Nov. 19, 1986).

Clearly the trial court did not abuse its discretion in dismissing appellant's cause of action pursuant to Rule 41.02 and/or Fourth Judicial District Rule 4.03.

■ 2. Appellant argues constitutional guarantees of due process and equal protection have been denied by Rule 4.03. Due process fundamentally means notice and an opportunity to be heard. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).

First, there is no dispute appellant had notice. The record reflects a longstanding procedural history (for a time appellant acted pro se). Second, appellant has twice availed herself of the judicial system regarding this matter. She has had an opportunity to be heard.

**719**

■ Appellant's equal protection argument centers on the fact that Hennepin is the only county implementing Rule 4.03. Therefore, appellant is treated differently from appellants in other Minnesota counties.

The Minnesota Supreme Court recognizes a county's authority to provide rules and ordinances which accommodate its unique needs. *See, e.g., State v. Leininger,* 286 Minn. 555, 556–57, 176 N.W.2d 629, 630–31 (1970).

Furthermore, Rule 4.03 is not an arbitrary rule. It is rationally related to a legitimate government objective. Among objectives of court adopted rules of practice are the prevention of unnecessary and inexcusable delays and the promotion of the public interest in keeping court dockets free of stale claims. *See Firoved,* 277 Minn. at 284, 152 N.W.2d at 369.

■ 3. Minnesota's legislature has provided statutory authority for courts to adopt rules not in conflict with rules promulgated by the supreme court. Minn.Stat. §§ 480.055 (1986) (rules not in conflict) and 484.33 (1986) (rules of practice for district courts). In addition to the statutory authority given courts in Minnesota, there is inherent authority recognized by case law. *See, e.g., Clerk of Court's Compensation for Lyon County v. Lyon County Commissioners,* 308 Minn. 172, 180–81, 241 N.W.2d 781, 786 (1976).

Clearly, the intent of Rule 4.03 is assurance of speedy and orderly disposition of Hennepin County's civil cases. Rule 4.03 was promulgated to alleviate overcrowded court calendars, excessive and inexcusable delays and to free court dockets of stale claims.

## DECISION

The trial court's dismissal pursuant to Minn.R.Civ.P. 41.02 and Fourth Judicial District Rule 4.03 is affirmed.

Affirmed.