**William Edward HELLERSTEDT,**
**Appellant,**

v.

**John E. MacGIBBON, Respondent.**

**No. C0–92–280.**

Court of Appeals of Minnesota.

Aug. 4, 1992.

Robert J. Zohlmann, Minneapolis, for appellant.

James P. Young, Minneapolis, for respondent.

Considered and decided by DAVIES, P.J., and LANSING and NORTON, JJ.

## OPINION

NORTON, Judge.

Appellant alleges the trial court abused its discretion in refusing to accept a late certificate of readiness for trial and dismissing his case with prejudice.

## FACTS

In August 1989 appellant William Edward Hellerstedt served respondent John E. MacGibbon with a summons and complaint alleging attorney malpractice by respondent between 1979 and 1984 relative to appellant's April 1980 dissolution. Respondent's services included obtaining, implementing, modifying and appealing the dissolution decree. The supreme court, however, dismissed appellant's appeal for procedural reasons.

Because the malpractice action was filed with the trial court in September 1989, respondent moved to dismiss, alleging appellant's claim was barred by the six-year statute of limitations. The trial court denied the motion.

Subsequently, the court administrator informed appellant's counsel the case had been open for one year, that it had not reached "ready-for-trial status," and that failure to correct this defect with a certification the case was ready for trial or a court order extending the time for certification, would result in the case being dismissed without prejudice under Tenth Judicial District Special Rule 4.10. Appellant's attorney moved for a six-month extension of the time to certify the case.

In December 1990, the trial court extended the time to file the certificate of readiness to June 15, 1991. The court also stated failure to meet the June 15, 1991 deadline would result in the case's dismissal with prejudice. The "Clerk's Notice of [Filing of Order]" is addressed to counsel of both parties and indicates the trial court's order was filed January 2, 1991.[1] Appellant did not file a certificate of readiness by June 15, 1991.

In July 1991, appellant moved the court to reconsider its December 1990 order and allow immediate filing of a certificate of readiness. The accompanying affidavit of appellant's counsel indicated a judgment of dismissal had not been entered. The affidavit also indicated the failure to file the certificate was unintentional and due to excusable neglect because of counsel's busy schedule, that appellant had secured the expert opinion of an attorney that malpractice had occurred, that failure to grant the motion for immediate filing of the certificate would prejudice appellant but not respondent and that appellant's total damages exceeded $318,000. The trial court denied appellant's motion and, consistent with its December 1990 order, dismissed the case with prejudice. This appeal results.

## ISSUE

Did the trial court abuse its discretion in refusing to accept appellant's certificate of readiness for trial?

## ANALYSIS

■ If a certificate of readiness for trial is not filed within a year of the time a case is filed, Tenth Judicial District Court Special Rule 4.10 states, in relevant part:

The court administrator shall then send to all parties and their attorneys a notice that the case will automatically be dismissed by the court without prejudice, under Rule 41.02 of the Minnesota Rules of Civil Procedure, unless one of the parties files a Note of Issue–Readiness for Trial within 30 days, certifying that the case is ready for trial or unless the court extends the time to file such Note of Issue for good cause shown pursuant to notice of motion and motion.

If no Note of Issue–Readiness for Trial is filed within the allotted time, the

---

1. The notice addresses any allegation appellant lacked notice of the order because respondent's attorney did not mail a notice of filing.

case will automatically be dismissed by the court without prejudice under Rule 41.02, Minnesota Rules of Civil Procedure.

The associated comment indicates the rule is one for "case management" and for dismissal of "cases which have been settled or resolved without the court's knowledge."

Under Minn.R.Civ.P. 41.02(a):

> The court may upon its own initiative, or upon motion of a party, and upon such notice as it may prescribe, dismiss an action or claim for failure to prosecute or to comply with these rules *or any order of the court.*

(Emphasis added). Consistent with the "housekeeping" nature of rule 4.10:

> Rule 41.02[ (a) ] is designed to let the trial court manage its docket and eliminate delays and obstructionist tactics by use of the sanction of dismissal. If a party does not cooperate with the litigation process by failing to comply with the rules of procedure or an order of the court, the judge may dismiss the case *with or without prejudice.* In other words, Rule 41.02[ (a) ] permits dismissal for trial management reasons, not for lack of substantive merits of a claim.

*Lampert Lumber Co. v. Joyce,* 405 N.W.2d 423, 425 (Minn.1987) (citations omitted; emphasis added). Thus, while dismissal under special rule 4.10 is without prejudice, dismissal for failure to follow a court order may be with prejudice.

### A. *Procedural Posture*

Generally, when a case is dismissed for failure to file a certificate of readiness for trial and appeal is taken, one party has moved to vacate the judgment, the motion has been denied and an appellate court analyzes the case under Minn. R.Civ.P. 60.02 to determine whether the trial court abused its discretion in denying the vacation motion. *See Charson v. Temple Israel,* 419 N.W.2d 488 (Minn.1988) (rule 60.02 used where case was dismissed with prejudice under the order implementing Fourth Judicial District Special Rule 4.03); *Collins v. Cochrane and Bresnahan, P.A.,* 415 N.W.2d 715 (Minn.App.1987) (rule 60.02 used where case was dismissed

without prejudice under special rule 4.03) which is analogous to Tenth Judicial District Special Rule 4.10. Here, however, appeal was taken after the trial court refused a motion to accept a late certificate rather than after a refusal to vacate a dismissal.

This difference in posture, however, does not affect our analysis of the case. Appellant's motion was made after the trial court indicated the case would be dismissed, but before the case was actually dismissed. Therefore, a motion to vacate a judgment which had not yet been entered would have been improper. Also, although appellant's motion did not specifically refer to Minn. R.Civ.P. 60.02 and did not include a memorandum of law arguing the rule's applicability to this case, the affidavit of appellant's attorney suggests counsel assumed the rule's application to these circumstances because the affidavit addresses the various elements of a rule 60.02 analysis. Under *Charson,* 419 N.W.2d at 491, where relief from a dismissal is sought based on counsel's excusable neglect, rule 60.02 requires a reasonable claim on the merits, a reasonable excuse for failure to act, due diligence by the party seeking relief and a lack of prejudice to the other party. Because counsel's affidavit addresses these requirements and because the trial court denied appellant's motion, we cannot say a subsequent formal vacation motion under rule 60.02, was required.

### B. *Rule 60.02 Analysis*

When applying a rule 60.02 analysis to evaluate a trial court's refusal to vacate a rule 4.03 dismissal for "mistake, inadvertence, surprise or excusable neglect," this court stated:

> [Generally,]
>
> > [t]he record is viewed in the light most favorable to the trial court's order and the dismissal will be sustained on appeal absent a clear showing of abuse of discretion.
>
> However, even upon a showing of [the rule 60.02] prerequisites,

[t]he right to be relieved of a judgment is not absolute * * * The decision to vacate a judgment is largely within the trial court's discretion and that decision will not be reversed on appeal absent a clear abuse of discretion.

*Bentonize, Inc. v. Green,* 431 N.W.2d 579, 582 (Minn.App.1988) (quoting *Berks v. Fine,* 409 N.W.2d 76, 77 (Minn.App.1987) and *Sand v. School Service Employees Union Local 284,* 402 N.W.2d 183, 186 (Minn.App.1987), *pet. for rev. denied* (Minn. Apr. 29, 1987) (respectively)). While a weak showing on one of the factors mentioned in *Charson* may be offset by a strong showing on the others, *see Guillaume & Assocs., Inc. v. Don–John, Co.,* 371 N.W.2d 15, 19 (Minn.App.1985), we conclude appellant has failed to meet his burden under this test.

### 1. Claim on the Merits

"[T]he existence of a meritorious claim must ordinarily be demonstrated by more than conclusory allegations in moving papers." *Charson,* 419 N.W.2d at 491. Here, appellant's complaint and affidavits allege malpractice by respondent, including negligently rendering incorrect legal and tax advice, failure to keep appellant apprised of the dissolution's progress, and retention of appellant's funds. Further, counsel has retained an attorney as an expert "who is expected to testify that [respondent] was * * * negligent in the handling of [appellant's legal matters]."

Respondent contends appellant's claim is barred by the statute of limitations, there is no assurance appellant's expert will testify and there is no evidence the expert is in fact an attorney. These arguments are not persuasive. The trial court has already rejected the allegation that all appellant's claims are barred by the statute of limitations. Also, according to counsel's affidavit, the expert witness is an attorney who will testify to respondent's alleged malpractice. We must accept these assertions as true. *See Thomas v. Ross,* 412 N.W.2d

358, 360 (Minn.App.1987) (because attorneys are officers of the court, absent contrary evidence statements in their affidavits are assumed true). Therefore, appellant has the debatably meritorious claim described in *Charson.*[2]

### 2. Excuse for Failure to Act

In analysis of this prong of the rule 60.02 test, the supreme court has stated:

> [E]ven in those cases where a court has held the neglect of a client's attorney to be inexcusable, if such neglect has been purely that of counsel, ordinarily courts are loath to "punish" the innocent client for the counsel's neglect. We did state in *Finden* [v. *Klaas,* 268 Minn. 268, 271, 128 N.W.2d 748, 750 (1964)] that in general "[u]nder basic principles of agency, such [attorney] neglect was chargeable to defendant." However, even there we specifically scrutinized the client's action apart from his attorney's omissions.

*Charson,* 419 N.W.2d at 491.

After listing the obligations of appellant's attorney for the period January 1 to June 1, 1991 the affidavit of appellant's attorney states:

> The fault for failure to file [the] Certificate of Readiness herein is in no manner personally attributable to [appellant]. Through inadvertence and excusable neglect, affiant failed to file [the] Certificate of Readiness herein.

Other than this statement, the record does not distinguish appellant's conduct from his attorney's. Respondent, however, makes no allegation of neglect by appellant, personally. Thus, we are left with the unrebutted statement by appellant's attorney that the failure to file the certificate was counsel's fault. Under *Thomas,* 412 N.W.2d at 360, we accept the statement as true and this factor does not suggest affirmance.

---

**2.** To the extent appellant's malpractice claim depends upon the assumption appellant would have prevailed in the dismissed appeal, we note this assumption presumes trial court error.

This is an assumption we cannot make. *Loth v. Loth,* 227 Minn. 387, 392, 35 N.W.2d 542, 546 (1949) (on appeal, error is never presumed).

### 3. Due Diligence

Appellant moved for acceptance of the late certificate seven and one-half months after it was originally due and more than one month after the extension order required it to be filed. *Charson*, 419 N.W.2d at 491, requires the party seeking relief to have "acted with due diligence *after notice of the entry of judgment.*" (quoting *Finden*, 268 Minn. at 271, 128 N.W.2d at 750) (emphasis added)). Because appellant's motion was made *before* entry of judgment, a literal application of the *Charson* language suggests diligence on appellant's part. The critical date from which to measure appellant's diligence here, however, is the June 15, 1991 deadline ordered by the trial court in December 1990. The affidavit of appellant's counsel refers to a four-week trial in February and alleges that between March 6 and April 30, counsel was "engaged in the customary 'catch-up' work at his office following a lengthy trial." The affidavit does not address the time period June 1 to June 15, 1991. Without explanations of why appellant's case was not part of the 'catch-up' work or the early part of June, appellant's diligence argument fails.

### 4. Lack of Prejudice to Respondent

The supreme court has stated:

[T]he burden, [in] application of the [Rule 60.02] test, *remains that of the moving party* to *establish* that no substantial prejudice will result to the other party.

*Nelson v. Siebert*, 428 N.W.2d 394, 395 (Minn.1988) (citation omitted; emphasis added). Here, appellant incorrectly assumed respondent had the burden of proof and argued "[r]espondent submitted no testimony to establish any, let alone substantial, prejudice to him." Further, according to appellant's attorney's affidavit, "[o]n *information and belief,* [respondent] will in no manner be prejudiced by the relief requested." (emphasis added).

Appellant's otherwise unsupported "belief" in a lack of prejudice is insufficient to meet his burden on this issue. Where an affidavit alleged it *"appear[ed]"* little prejudice would result to the opposing party were a dismissal vacated, this court quoted *Nelson* and stated "[s]uch an unsupported allegation is insufficient to satisfy [the movant's] burden of showing a lack of prejudice." *Bentonize*, 431 N.W.2d at 584. Further, while generally, "delay, in itself, is an insufficient ground to establish prejudice," *Nelson*, 428 N.W.2d at 395 (citing *Charson*, 419 N.W.2d at 491), where a case arose ten years before, this court observed, "[a]fter so many years of unnecessary delay, the need to search for identifiable and concrete examples of prejudice diminishes." *Collins*, 415 N.W.2d at 718 (quoting *Belton v. City of Minneapolis*, 393 N.W.2d 244, 246 (Minn.App.1986), *pet. for rev. denied* (Minn. Nov. 19, 1986)). As the alleged malpractice here occurred between 1979 and 1984, this case is similar to *Collins*.

Thus, under a rule 60.02 analysis, two factors suggest reversal (appellant's claim on the merits and counsel's assumption of the responsibility for the failure to file the certificate of readiness) and two suggest affirmance (a lack of diligence and appellant's failure to demonstrate a lack of prejudice to respondent). While under *Guillaume*, a weak showing on one factor may be offset by a strong showing on the other three factors, because the record must be viewed in the light most favorable to the trial court's order, *see Bentonize*, 431 N.W.2d at 582, and because appellant failed to carry his burden on two of the four factors, we cannot say the trial court's refusal to accept appellant's late certificate of readiness for trial was an abuse of the trial court's discretion. This conclusion is consistent with the trial court's ability under rule 41.02(a), to dismiss the case with prejudice, on its own initiative, for the failure to comply with the December 1990 order.

## DECISION

A rule 60.02 analysis is appropriate for this case because of its unique procedural posture. Appellant has failed to make a sufficient showing thereunder and we conclude the trial court did not abuse its discretion in denying appellant's motion to

accept a late certificate of readiness for trial.

Affirmed.