*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1030**

Shannon Fogarty,
Appellant,

vs.

Ciao Bella,
Respondent.

**Filed January 25, 2016
Reversed
Kalitowski, Judge***

Hennepin County District Court
File No. 27-CV-14-20905

Steve G. Heikens, Heikens Law Firm, Minneapolis, Minnesota (for appellant)

Stacey L. Sever, Louise A. Behrendt, Stich, Angell, Kreidler, Unke & Scattergood, P.A., Minneapolis, Minnesota (for respondent)

Considered and decided by Kirk, Presiding Judge; Stauber, Judge; and Kalitowski, Judge.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**KALITOWSKI**, Judge

Following the dismissal of her lawsuit with prejudice for failure to comply with the one-year filing requirement in Minn. R. Civ. P. 5.04(a), appellant Shannon Fogarty argues that the district court abused its discretion by denying her motion for relief from the judgment under Minn. R. Civ. P. 60.02. We reverse.

## D E C I S I O N

The district court has broad discretion to grant or deny a rule-60.02 motion. *Northland Temporaries, Inc. v. Turpin*, 744 N.W.2d 398, 402 (Minn. App. 2008), *review denied* (Minn. Apr. 29, 2008). We therefore review the district court's decision to grant or deny a rule-60.02 motion for an abuse of discretion. *Meyer v. Best W. Seville Plaza Hotel*, 562 N.W.2d 690, 694 (Minn. App. 1997), *review denied* (Minn. June 26, 1997). But we will reverse if the district court's decision is based on a misapprehension of law or fact. *Northland Temporaries*, 744 N.W.2d at 402-03.

As amended in July 2013, Minn. R. Civ. P. 5.04(a) requires all nonfamily civil actions to be "filed with the court within one year of commencement" or be "deemed dismissed with prejudice," unless the parties agree to extend the filing period. Appellant failed to file her suit within one year of serving her summons and complaint on respondent Ciao Bella because her attorney was not aware of the recent amendment of rule 5.04(a) to require filing within one year. In January 2015, the district court dismissed appellant's suit with prejudice under rule 5.04(a) effective August 14, 2014, one day after the expiration of appellant's one-year filing deadline.

Appellant then moved to vacate the final judgment under Minn. R. Civ. P. 60.02. Under rule 60.02, a district court may relieve a party from a final judgment for "[m]istake, inadvertence, surprise, or excusable neglect," or for "[a]ny other reason justifying relief from the operation of the judgment." Because the parties do not dispute that rule 60.02 applies to a judgment under rule 5.04(a), we assume that rule 60.02 applies for purposes of this appeal. *See Gams v. Houghton*, 869 N.W.2d 60, 61 (Minn. App. 2015) (holding that "rule 60.02 applies to [a judgment] entered under rule 5.04(a)"), *review granted* (Minn. Nov. 17, 2015); *Recommendations of the Minnesota Supreme Court Civil Justice Reform Task Force*, No. ADM10-8051 at 23 n.9 (Final Report Dec. 27, 2011) (noting when discussing the dismissal-with-prejudice consequence that "Minn. R. Civ. P. 60 allows parties to seek relief from a dismissal order").

When deciding whether to grant or deny a rule-60.02 motion, the district court must apply four rule-60.02 factors and determine whether the party seeking relief has (1) a reasonable claim on the merits; (2) a reasonable excuse for the neglect; (3) "acted diligently after notice of entry of the judgment"; and (4) shown that no prejudice will occur to the opposing party. *Northland Temporaries*, 744 N.W.2d at 402. Because the district court balances the four rule-60.02 factors, the party seeking relief need not establish all four factors and the district court may grant relief when three strong factors outweigh one weak factor. *Riemer v. Zahn*, 420 N.W.2d 659, 662 (Minn. App. 1988). But if the party seeking relief establishes all four factors, the district court must grant the party relief and reopen the judgment. *Northland Temporaries*, 744 N.W.2d at 406.

3

Here, the district court determined that (1) appellant has a reasonable claim on the merits; (2) her attorney's failure to be aware of the amendment to rule 5.04 is not a "reasonable excuse for the failure to timely file the action and is not excusable neglect"; (3) appellant was not diligent in seeking relief after dismissal of her suit; and (4) no prejudice would occur to respondent if relief was granted. Because only two of the four rule-60.02 factors weighed in favor of reopening the judgment, the district court denied appellant's rule-60.02 motion. On appeal, neither party contests the district court's findings on the first and fourth rule-60.02 factors. We therefore assume that these factors weigh in favor of reopening the judgment and analyze only the second and third factors.

**Reasonable Excuse for the Neglect**

The second rule-60.02 factor analyzes whether the party seeking relief has a reasonable excuse for the neglect. *Id.* at 402. The district court concluded that appellant's attorney's "failure to remain apprised of developments in the court rules governing civil actions is not reasonable excuse for the failure to timely file the action and is not excusable neglect." But when analyzing the second rule-60.02 factor, a district court must "scrutinize[] the client's action apart from [the] attorney's omissions." *Charson v. Temple Israel*, 419 N.W.2d 488, 491 (Minn. 1988). "[E]ven in those cases where a court has held the neglect of a client's attorney to be inexcusable, if such neglect has been purely that of counsel, ordinarily courts are loath to 'punish' the innocent client for the counsel's neglect." *Id.* Thus, the district court improperly focused on the attorney's ignorance of the amended rule rather than on appellant's behavior.

4

The district court noted its concern that appellant did not submit her own affidavit, and determined that her attorney's affidavits were not reliable in explaining what appellant "knew or expected in relation to the pursuit of the litigation." But in the absence of conflicting evidence, an attorney's affidavit regarding a client's behavior should be accepted as true. *See Thomas v. Ross*, 412 N.W.2d 358, 360 (Minn. App. 1987); *see also Kurak v. Control Data Corp.*, 410 N.W.2d 34, 36 (Minn. App. 1987) (discussing an attorney's affidavit when analyzing the rule-60.02 factors). Appellant's attorney submitted two affidavits in which he stated that appellant was not aware of the one-year filing rule and that appellant "entrusted the decision to file and when to file" to him. Because the record contains no conflicting evidence, the district court should have considered the attorney's affidavits as true. *See Thomas*, 412 N.W.2d at 360. And considering the affidavits as true, there is no evidence that appellant's behavior contributed to the failure to comply with rule 5.04(a).

Respondent cites only one case in which we have found inexcusable neglect in the absence of party culpability. *See Ayers v. Rudolph's, Inc.*, 392 N.W.2d 647, 650 (Minn. App. 1986). In *Ayers*, the appellant attempted to argue that the attorney's failure to raise a certain defense was excusable neglect. *Id.* We disagreed because, unlike cases in which the attorney failed to file *any* response to motions and the client was entitled to relief under rule 60.02, the appellant was simply trying to relitigate the case on a different legal theory. *Id.* The "attorney's failure to defend a motion on all possible theories" did not support relief under rule 60.02. *Id.* Thus, we conclude that *Ayers* is not applicable here.

5

The district court noted its concern that "adopting [appellant's] position would essentially render the very specific filing requirement in [r]ule 5.04 meaningless" because attorneys could always avoid the requirement by claiming ignorance of the rules. But when deciding whether to reopen a judgment, a district court must balance all four rule-60.02 factors. *See Northland Temporaries*, 744 N.W.2d at 402. Although a district court can grant relief if a "weak excuse" is "outweighed by a strong showing on the three remaining factors," *Riemer*, 420 N.W.2d at 662, it cannot grant relief if the claim is not reasonable on the merits, *Northland Temporaries*, 744 N.W.2d at 402. Thus, a finding as to excusable neglect is not determinative.

Respondent seeks to distinguish a recent decision from this court in which we analyzed a similar mistake regarding rule 5.04(a) and determined that the second rule-60.02 factor favored relief. *See Cole v. Wutzke*, 868 N.W.2d 925, 929 (Minn. App. 2015), *review granted* (Minn. Nov. 17, 2015). Specifically, respondent argues that the attorney's mistake was worse here because unlike the attorney in *Cole* who was mistaken about the application of the amended rule 5.04(a) to pending actions, appellant's attorney had no knowledge of the amended rule. *See id.* at 927. We reject respondent's distinction. "Minnesota courts have consistently held that default caused by a party's attorney rather than by the party himself should be excused." *Coller v. Guardian Angels Roman Catholic Church*, 294 N.W.2d 712, 715 (Minn. 1980). Rather than analyzing the magnitude of attorneys' mistakes and granting relief only to those clients whose attorneys made less serious mistakes, Minnesota courts relieve all innocent clients from the consequences of their attorneys' mistakes. *See Conley v. Downing*, 321 N.W.2d 36, 40-41 (Minn. 1982)

(reversing denial of relief from summary judgment when client "relied on her attorney's representation" that he would answer motion but he failed to do so); *Coller*, 294 N.W.2d at 715 (affirming denial of default judgment when the defendants' failure to answer "was occasioned solely by the inadvertence of their attorney"); *Lysholm v. Karlos*, 414 N.W.2d 773, 775-76 (Minn. App. 1987) (determining that the attorney's mistake about a procedural rule was reasonable so the second factor supported vacation of the dismissal).

Besides *Cole*, this case is most similar to *Kurak*, in which an attorney was aware of a district court rule that would result in the dismissal of the lawsuit on a certain date but inadvertently failed to file the required certification to avoid dismissal. 410 N.W.2d at 35. In *Kurak* we explained that the client was not involved in procedural aspects of the case and "could justifiably rely on his attorney to . . . comply with local procedural rules affecting his case." *Id.* at 36. Therefore, the client "presented a reasonable excuse" under the second rule-60.02 factor. *Id.* As in *Kurak*, there is no evidence that appellant was involved in the procedural aspects of her case and appellant's reliance on her attorney's expertise about case filing was reasonable. *See id.* The second rule-60.02 factor therefore favors granting relief to appellant.

**Diligence After Entry of the Judgment**

The third rule-60.02 factor analyzes whether the party seeking relief "acted diligently after notice of entry of the judgment." *Northland Temporaries*, 744 N.W.2d at 402. The district court determined that appellant "acted with due diligence to bring this motion under [r]ule 60.02" after the district court granted respondent's motion to dismiss. But the court went on to conclude that because appellant's case was deemed dismissed

7

under rule 5.04(a) on August 14, 2014, and appellant filed her rule-60.02 motion six months after this deemed dismissal, appellant failed to act with due diligence.

Appellant argues that the district court erred by measuring her due diligence from the expiration of the one-year filing deadline, rather than from the entry of judgment. We agree. In *Thomas*, we rejected the argument that "the date of automatic dismissal controls" in an analysis of the third rule-60.02 factor. 412 N.W.2d at 360. We instead determined that the movants "acted diligently upon discovery of the dismissal" because they moved to vacate approximately one month after learning of the dismissal. *Id.* The fact that the suit was deemed dismissed over four months earlier was irrelevant. *See id.* at 359-60 (showing that the case was subject to dismissal on July 1, the parties learned of the dismissal on October 21, and the appellants filed a motion to vacate the dismissal on November 25). Moreover, the third factor specifically references the party's diligence "after notice of the entry of the judgment." *Northland Temporaries*, 744 N.W.2d at 402.

Respondent argues that *Hellerstedt v. MacGibbon*, 489 N.W.2d 247 (Minn. App. 1992), supports the district court's conclusion that appellant failed to act with due diligence. In *Hellerstedt*, the appellant learned that his case would be dismissed with prejudice under a district court rule unless he filed a certification of readiness for trial. 489 N.W.2d at 248. The appellant requested and was granted a six-month extension. *Id.* But the appellant failed to file a certificate during that time and later moved the district court to allow a late filing. *Id.* We concluded that the "date from which to measure appellant's diligence" was the extension deadline and that the appellant's attorney failed to account for a portion of the extension time period. *Id.* at 251. Therefore, the "appellant's diligence

8

argument fail[ed]." *Id.* Respondent is correct that, in *Hallerstedt*, we measured diligence from a date other than the date of the entry of judgment. *See id.* But *Hallerstedt* is distinguishable because judgment had not yet been entered. *See id.*

We conclude that the date of the judgment of dismissal, rather than the date of the deemed dismissal under rule 5.04(a), controls the analysis under the third rule-60.02 factor. *See Thomas*, 412 N.W.2d at 360. The district court dismissed appellant's suit with prejudice on January 30, 2015, and appellant moved to vacate the judgment under rule 60.02 on February 14. Because appellant filed her motion soon after the judgment of dismissal and sooner than the movants in *Thomas*, the record supports the district court's finding that appellant acted with due diligence after entry of the judgment. *See id.* Thus, the third factor favors granting relief to appellant.

Because all four rule-60.02 factors favor granting relief to appellant, the district court abused its discretion by not granting appellant's motion to reopen the judgment under rule 60.02. *See Northland Temporaries*, 744 N.W.2d at 406.

**Reversed.**