*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0933**

Susan Dianna Orr,
Appellant,

vs.

Rebecca Kay Britten,
Respondent.

**Filed January 30, 2017
Reversed and remanded
Connolly, Judge**

Itasca County District Court
File No. 31-CV-14-2401

Kay Nord Hunt, Lommen Abdo, Minneapolis, Minnesota; and

David J. Ewens, David J. Ewens, P.A., Grand Rapids, Minnesota (for appellant)

Paula Duggan Vraa, Paul R. Aamodt, Larson King LLP, St. Paul Minnesota (for respondents)

Considered and decided by Johnson, Presiding Judge; Connolly, Judge; and Kirk, Judge.

**U N P U B L I S H E D   O P I N I O N**

**CONNOLLY**, Judge

Appellant challenges the district court's dismissal of her complaint for failure to comply with the one-year filing requirement of Minn. R. Civ. P. 5.04 and denial of relief

under Minn. R. Civ. P. 60.02, arguing that the district court erred by concluding that attorney neglect in failing to comply with Minn. R. Civ. P. 5.04 could not constitute excusable neglect and that she did not act with due diligence. We reverse and remand for the district court's reconsideration in light of the supreme court's recent decisions in *Gams v. Houghton*, 884 N.W.2d 611 (Minn. 2016), and *Cole v. Wutzke*, 884 N.W.2d 634 (Minn. 2016).

**FACTS**

Appellant Susan Dianna Orr commenced the action underlying this appeal against respondent Rebecca Kay Britten in July 2011, alleging negligence claims arising out of personal injuries suffered in an October 2009 automobile collision. The parties engaged in discovery and attended an unsuccessful mediation on November 2013, after which respondent made an offer of judgment. According to the district court, "[t]he parties had no substantive contact between November 22, 2013, and July 1, 2014."

Under the 2013 amendments to Minn. R. Civ. P. 5.04, appellant was required to file her action in district court by July 1, 2014. *See* Minn. R. Civ. P. 5.04(a); *Gams*, 884 N.W.2d at 614 (citing Order Adopting Amendments to the Rules of Civil Procedure and General Rules of Practice Relating to the Civil Justice Reform Task Force, Nos. ADM10-8051, ADM09-8009, ADM04-8001 (Minn. filed Feb. 4, 2013)). On August 1, 2014, respondent's attorney sent a letter to appellant's attorney asserting that the action was deemed dismissed with prejudice because it had not been filed by July 1, 2014.

Appellant's counsel filed the action on August 25, 2014, and on August 28, 2014, filed a motion to vacate any deemed dismissal, asserting that the failure to timely file the

action was the result of counsel's mistaken belief that the amended rule 5.04 did not apply to pending cases.[1] Respondent subsequently moved for a judgment of dismissal. The district court denied appellant's motion to vacate and granted respondent's motion for entry of judgment, and judgment was entered. Appellants argue that the action should be reinstated to proceed on the merits.

## DECISION

"The decision whether to grant Rule 60.02 relief is based on all the surrounding facts of each specific case, and is committed to the sound discretion of the district court." *Gams*, 884 N.W.2d at 620. The district court's decision should not be disturbed "except for a clear abuse of discretion." *Id.* "A district court's discretion under Rule 60.02, however, is not without limit." *Id.* A district court abuses its discretion when it acts under a "misapprehension of the law," if its findings of fact are clearly erroneous, or if the party seeking relief has clearly demonstrated all four factors for relief from a judgment. *Id.*

The factors for relief under rule 60.02, most commonly referred to as the *Finden* factors, are "(1) a debatably meritorious claim; (2) a reasonable excuse for the movant's failure or neglect to act; (3) the movant acted with due diligence after learning of the error or omission; and (4) no substantial prejudice will result to the other party if relief is granted." *Id.* (quotations omitted); *see also Finden v. Klas*, 268 Minn. 268, 128 N.W.2d 748 (1964). A party must satisfy all four factors to be entitled to relief under rule 60.02. *Gams*, 884 N.W.2d at 619.

---

[1] Appellant also filed an appeal from the deemed dismissal on September 2, 2014, which this court dismissed as premature on October 7, 2014.

*Gams* and *Cole* both stemmed from rule 60.02 requests for relief from judgments entered following an attorney's failure to realize that rule 5.04(a) applied to require the filing of an action by July 1, 2014. *Gams*, 884 N.W.2d at 615; *Cole*, 884 N.W.2d at 636. In *Gams*, the supreme court held that rule 60.02 relief may be available following a dismissal under rule 5.04(a) and that rule 5.04(a) does not violate due-process rights. 884 N.W.2d at 617-19. Because the district court in *Gams* had held that rule 60.02 relief was unavailable without analyzing the *Finden* factors, the supreme court reversed and remanded to the district court for additional findings. *Id.* at 621.

In *Cole*, the supreme court held that the district court "abused its discretion in conducting its analysis under Minn. R. Civ. P. 60.02(a), because it failed to consider all four requirements from *Finden* . . . in light of the surrounding circumstances." 884 N.W.2d at 635. As a threshold matter, the supreme court addressed an argument that rule 60.02 should apply more narrowly to protect an interest in finality under rule 5.04(a) comparable to that afforded by a statute of limitations. *Id.* at 637-38. The supreme court rejected the statute-of-limitations analogy and held that "the analysis of the *Finden* requirements is the same under a Rule 5.04(a) dismissal as it is for other dismissals considered under Rule 60.02. *Id.* at 638.

The supreme court also rejected the district court's reasoning that an attorney's ignorance of the law could not constitute reasonable neglect under rule 60.02 because such an exception would "swallow the rule." *Id.* at 637. Instead, the supreme court held that "there are no per se rules of law requiring either the grant or denial of a Rule 60.02(a) motion under the 'reasonable excuse' requirement. Instead the decision is fact intensive."

4

*Id.* at 639. The court further explained that "mistakes of law, as well as mistakes of fact, may afford grounds for relief." *Id.* at 638 (quotation omitted). And the court noted that "our case law generally reflects a strong policy favoring the granting of relief when judgment is entered through no fault of the client." *Id.* (quotation omitted) Because the district court had failed to contextually consider all four *Finden* factors, the supreme court in *Cole* reversed and remanded to the district court for reconsideration in light of the supreme court's decision. *Id.* at 639.

In this case, the district court denied appellant's motion for relief under rule 60.02 based on its determinations that she had not established excusable neglect or due diligence. With respect to excusable neglect, the district court applied an analysis very similar to that employed by the district court in *Cole*, reasoning that appellant's counsel had "not established a reasonable excuse for failure to act"; that "courts do not recognize ignorance of the law as excusable neglect"; and that "[i]f ignorance of the law is excusable neglect, then the exception would swallow the rule." The district court found persuasive respondent's argument that, if courts were to recognize ignorance of the law as excusable neglect, "it would lead to absurd results, such as the possibility that every case dismissed for failure to comply with a statute of limitations could be reopened."

Under *Cole*, we conclude that the district court erred by applying a per se rule that an attorney's mistake of law cannot constitute excusable neglect. Notably, the district court did not separately consider what, if any, involvement appellant had in litigating the action. As our supreme court reaffirmed in *Cole*, there is a "strong policy favoring the granting of relief when judgment is entered through no fault of the client." *Id.* at 638. Indeed,

5

"Minnesota courts have consistently held that default caused by a party's attorney rather than by the party himself should be excused." *Coller v. Guardian Angels Roman Catholic Church of Chaska*, 294 N.W.2d 712, 715 (Minn. 1980); *see also Conley v. Downing*, 321 N.W.2d 36, 40-41 (Minn. 1982) (reversing district court's denial of relief from judgment entered after attorney failed to respond to a summary-judgment motion); *Finden*, 268 Minn. at 271-72, 128 N.W.2d at 750-51 (reversing district court's denial of relief from judgment entered after attorney failed to answer complaint when party had relied on assurances that attorney would respond).

With respect to due diligence, the district court reasoned that appellant's counsel "filed the lawsuit on August 25, 2014, nearly one month after [respondent's counsel] apprised him of his error, and nearly two months after the July 1, 2014 deadline set forth in Rule 5.04." The district court found that counsel failed to act diligently "in filing the suit 25 days after he was informed of his error," relying on this court's decision in *Hellerstedt v. MacGibbon*, 489 N.W.2d 247 (Minn. App. 1992).

In *Hellserstedt*, this court held that a district court did not abuse its discretion by denying relief under rule 60.02 when an attorney failed without explanation to file a certificate of trial readiness required by local rule until more than one month after an extended deadline imposed by the district court. 489 N.W.2d at 251. This court also concluded in *Hellserstedt* that the appellant failed to demonstrate a lack of prejudice, particularly noting that the alleged malpractice underlying the claim had taken place between six and eleven years ago. *Id.*

*Hellserstedt* is distinguishable from this case because the district court here found that appellant met the lack-of-prejudice requirement. Moreover, *Hellerstedt* does not set a bright-line rule for the time within which a party must seek relief from judgment to meet the due-diligence requirement. And this court has more than once held that a party acts with due diligence if relief is sought within three months. *See Black v. Rimmer*, 700 N.W.2d 521, 528 (Minn. App. 2005) (quoting *Imperial Premium Finance, Inc. v. GK Cab Co.*, 603 N.W.2d 853, 858 (Minn. App. 2000)).

We conclude that the district court erred by finding that appellant failed to act with due diligence. As appellant notes, this case was dismissed under a newly applicable rule of procedure, and the motion to vacate required investigation and legal research before filing. On these facts, filing the motion with 25 days of being apprised of the error in failing to file was diligent. Moreover, the district court's focus on the minimal effort required to file the complaint appears misplaced. The action had been deemed dismissed, and filing the complaint would not have been sufficient to obtain relief from the dismissal.

Because the district court applied an incorrect legal standard on the reasonable-excuse requirement, and because its analysis of the due-diligence requirement was unreasonable, we reverse and remand for the district court's reconsideration in light of this decision and the supreme court's decisions in *Gams* and *Cole.*

**Reversed and remanded.**